See also D.C., 369 F.Supp. 168, 173.

**UNITED STATES of America,
Plaintiff,**

v.

**Edna Marie Seagroves NUNLEY,
Defendant.**

**Crim. A. No. 1507.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Sept. 15, 1972.

---

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Imposition of sentence herein was suspended, and the defendant was placed on

probation on August 25, 1972. On the seventh day following, *i. e.*, September 1, 1972, counsel for the defendant undertook to give notice of an appeal therefrom, by placing in the United States mail at Chattanooga, Tennessee several documents,* including a notice of appeal, directed to the clerk of this Court at Winchester, Tennessee. Such documents were received by a clerk's deputy when the Winchester office of the clerk was next opened on September 12, 1972.

■ "* * * In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment * * * appealed from. * * *" Rule 4(b), Federal Rules of Appellate Procedure. "* * * Papers required to be served shall be filed with the court. Papers shall be filed in the manner provided in civil actions." Rule 49(d), Federal Rules of Criminal Procedure. "* * * Papers * * * are considered filed when they are placed in the possession of the clerk of the court. * * *" Wright & Miller, 4 Federal Practice and Procedure, 599, Civil § 1153, citing United States v. Missco Homestead Ass'n, C.A.8th (1950), 185 F.2d 283, 285 [2]; Joint Council, Etc. v. Delaware, L. & W. R. Co., C.A.2d (1946), 157 F.2d 417, 419; Casadulc v. Diaz, C.A.1st (1941), 117 F.2d 915, 917 [3], certiorari denied (1941), 314 U.S. 639, 62 S.Ct. 74, 86 L.Ed. 512; Robinson v. Waterman S. S. Co., D.C.N.J. (1947), 7 F.R.D. 51, 54 [7].

"* * * The clerk's office with the clerk or a deputy in attendance shall be open during business hours on all days except Saturdays, Sundays, and legal holidays * * *." Rule 77(c), Federal Rules of Civil Procedure. The Court notices judicially that the clerk's office at Winchester is scheduled to be open with a deputy in attendance between certain hours on Tuesdays and Thursdays, and that a notice to such effect is posted at the entrance door of such of-

fice. However, such deputy has certified that such office was not open with a deputy in attendance on September 5, 7, 1972. The Court notices further judicially that the clerk's office with a deputy in attendance in Chattanooga, Tennessee was open during business hours on all the days here involved except Saturdays, Sundays and a legal holiday. Obviously, had such Winchester division office of the clerk been open with a deputy clerk in attendance in accordance with the established schedule, the defendant's notice of an appeal was mailed in time for the notice of an appeal to have been filed by such deputy clerk within the required 10-day period.

■ Although the *filing* of a notice of appeal as required by Rule 4(b), Federal Rules of Appellate Procedure, is mandatory and jurisdictional, United States v. Stigall, C.A.6th (1967), 374 F. 2d 854, 855–856 [1–3], certiorari denied (1967), 389 U.S. 885, 88 S.Ct. 159, 19 L.Ed.2d 184, it has been held:

&ast; &ast; &ast; &ast; &ast; &ast;

* * * The notice of appeal was mailed in time to be deposited in the post office box of the District Court Clerk's office on the tenth day. This day happened to be a Saturday and the office was closed. We think that this was sufficient to satisfy the requirements of the Rule since it placed the notice within the Clerk's custody and control. See Ward v. Atlantic Coast Line Railroad Company, 5 Cir., 265 F.2d 75, 80, reversed on other grounds, 362 U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820, the case was decided by this Court under Rule 73, F.R.Civ.P., 28 U.S.C.A., the civil counterpart of Rule 37(a)(2), F.R.Cr.P.

&ast; &ast; &ast; &ast; &ast; &ast;

Reynolds v. United States, C.A.5th (1961), 288 F.2d 78 [1], n. 1, certiorari denied (1961), 368 U.S. 883, 82 S.Ct. 127, 7 L.Ed.2d 83, rehearing denied (1961), 368 U.S. 917, 82 S.Ct. 197, 7 L. Ed.2d 133. Accordingly, the documents

---

* Also included in the mailed packet was a purported "affidavit" of indigency of the de-

fendant on which the jurat was not completed.

herein lodged with the clerk at Winchester on September 12, 1972 will be filed *nunc pro* September 1, 1972.

 The defendant filed also, in addition to the notice of appeal and purported "affidavit," a motion for leave to appeal in forma pauperis and a motion for the preparation of parts of the transcript of the trial " * * * as to be later designated * * * " at the expense of the United States. These motions cannot be considered at this time, due to the failure of the defendant to make *affidavit* that she is unable to prepay the fees and costs of an appeal or give security therefor, stating the nature of the appeal or her belief that she is entitled to redress. 28 U.S.C. §§ 1915(a), 753(f); see also 18 U.S.C. § 3006A(c), (d)(6). The Court indicates no opinion thereby as to the right of the defendant to thus now proceed.