Richard A. ISAACSON, Plaintiff
and Respondent,

v.

Clair DORIUS, Defendant and Appellant.

Lawrence W. LYNN, Plaintiff
and Respondent,

v.

Clair DORIUS, Defendant and Appellant.

No. 18166.

Supreme Court of Utah.

Aug. 17, 1983.

M. Dayle Jeffs, Provo, for defendant and appellant.

Robert C. Cummings and Gordon A. Madsen, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

From a judgment holding the defendant Clair Dorius solely responsible for damages resulting from an automobile collision near Fayette, Utah, he appeals to this Court, contending it was error to take the case from the jury as a matter of law.

We need not discuss in any detail the facts that form the basis for the appeal, since the appeal in this case was untimely, as evidenced by the following. The judgment was filed in the Register of Actions on September 8, 1981, followed by a timely motion for a new trial filed by defendant on September 16, 1981. The hearing on the motion was set on November 12, 1981, evidenced by a minute entry that noted a denial of the motion. The following day, November 13, 1981, the denial was formalized by the trial court and filed that same day in the Register of Actions.

Under Rule 73(a), Utah Rules of Civil Procedure, the notice of appeal should have been filed within one month of November 13, 1981, the date of the denial of the motion for new trial as reflected in the Register of Actions. The last day to file such notice of appeal would have been December 13, 1981, but for the fact that such date fell on a Sunday, which extended the time for filing the notice of appeal to Monday, December 14, 1981. The notice of appeal actually was filed on December 16, 1981, which was two days beyond the time within which the appeal must have been perfected to invest this Court with jurisdiction to review and determine the matter on appeal.

Respondents filed a motion to dismiss the appeal in this Court for the above reasons, which motion was denied by this Court on January 18, 1982. The denial of the motion was without prejudice to the right to raise the issue again in briefs and on appeal, as will appear in an entry of said date in the Minute Book of this Court. Consonant with the permission to raise the issue on the main appeal, the respondents have done so.

Appellant claims that the notice of appeal was filed timely, basing his contention on a certificate of mailing attached to the notice of appeal, dated December 10, 1981. The certificate shows that a *copy* of the notice of appeal was mailed to counsel for respondents—*not* to the Clerk of the Court. There is nothing whatsoever in the record that shows there was any mailing of a notice of appeal to the Clerk.[1] The record does reflect, as evidenced by the official stamp of the Clerk, that a *copy* of the notice of appeal was *filed* with the Clerk on December 16, 1981. That date was two days beyond the one-month limitation for filing interdicted by Rule 73(a), which deprives this Court of appellate jurisdiction.

The permission granted by the Court to present written and oral argument on the jurisdictional issue was prompted by the novelty of appellant's claim of timely filing of appeal, i.e., that "mailing" of the notice of appeal was in itself a "filing" of the notice of appeal under the provisions of U.C.A., 1953, § 63–37–1, which reads in part as follows:

*Any report, claim, tax return, statement or other document or any payment required or authorized to be filed or made to the state of Utah, or to any political subdivision thereof which is:*

(1) Transmitted through the United States mail, shall be deemed filed or made and received by the state or political subdivisions on the date shown by the post-office cancellation mark stamped upon the envelope or other appropriate wrapper containing it. [Emphasis added.]

---

1. The dissents assume facts not in the record in reaching a contrary conclusion.

Appellant concedes the novelty of his contention, and cites no case law in support thereof from this state or any other. His only reliance is upon a group of decisions from four inferior federal courts, which upon examination, appear to be inappropriate to the issue presented, that of mailing being a substitute for a physical filing with the Court.

Appellant's contention is rejected, not only because of the absence of authority to support it, but also because the language of the legislation relied upon, *arguendo* its applicability, does not respond to the facts and circumstances of this case.

Rule 73(a) itself provides the only exception to the strict jurisdictional requirement of filing a notice of appeal within one month after judgment:

> The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the date of the entry in the Register of Actions of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b), or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59.

Had those exercising the broad rule-making powers of this Court [2] seen fit to do so, they could have added the further exception endowing the "mailing" of a notice of appeal with the same stature as the "filing" of a notice of appeal as required under Rule 73(a).

Appellant's contention is further answered by the language employed in the legislation upon which he relies. Under the accepted principle of *ejusdem generis*,[3] the legislation is without application where the words used, such as "reports" and "tax returns," have little or no affinity with "notice of appeal." The latter is a term for a judicial procedure, that when effective, controls the very functioning of the judiciary, and also the crucial question of determining the jurisdiction necessary to guarantee one's constitutional right to appeal. Section 63–37–1 has no such connotation.

To decide that "mailing" constitutes the "filing" of a notice of appeal does not but suggest the chaos of judicial appellate procedure where the notice becomes "lost in the mail" or is inordinately detained, as is not infrequently the case.

The appeal is dismissed for lack of jurisdiction. Costs to respondents.

OAKS and DURHAM, JJ., concur.

STEWART, Justice, dissenting:

I respectfully submit that the notice of appeal should be deemed timely filed in this case. Counsel acted prudently in attempting to effectuate a timely filing of a notice of appeal in accordance with our rules of procedure. The reason the notice was not actually filed with the court in the time prescribed by the rules was either because of the delay in the delivery of mail or because of the failure of the clerk to file the notice promptly upon receipt.[1] In either event, the fault was not the appellant's. Indeed the appellant had the right to rely on the mail's being delivered in time and on timely filing by the clerk.

Under the circumstances, I see no substantial reason to deny the appellant the right to appeal. There is no prejudice to

---

**2.** U.C.A., 1953, § 78–2–4.

**3.** For this Court's most recent discussion of that principle, see In the *Matter of the Disconnection of Certain Territory From Highland City*, Utah, 668 P.2d 544 (1983).

**1.** The notice of appeal, certificate of ordering manuscript, notice of furnishing appeal bond, and designation of record on appeal were all dated December 10, 1981. The certificates of service of each document were also signed December 10, 1981. The due date for the notice of appeal was December 13, 1981.

any party involved. There was a good faith and reasonable effort to comply with the specific rules governing the filing of a notice of appeal. I think a clear-cut good faith effort to meet the one-month filing date ought to be sufficient since there is no overriding public policy that requires a technical and rote compliance with the rule irrespective of the sacrifice of substantial and important substantive rights.

In similar factual circumstances, courts have held that reliance on the normal delivery of the mail to effectuate the filing of a notice of appeal is sufficient to override the effect of a delay in the mail resulting in a filing of an appeal beyond the due date under federal appellate practice. *Sanchez v. Board of Regents,* 625 F.2d 521 (5th Cir.1980). *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir.1980), held that, since an appellant has no control over delays between receipt by the clerk's office and the filing in the docket, an appeal initiated within the thirty days after the entry of the order appealed from and which was received by the district court within the thirty days but not filed until after thirty days constituted a timely filing. *See also United States v. Solly,* 545 F.2d 874 (3rd Cir.1976). And in *United States v. Nunley,* 369 F.Supp. 171 (D.C. Tenn.1973), the court held in a criminal case that a notice of appeal mailed on the seventh day of a ten-day appeal period and received by the clerk of the court after the ten-day appeal period had expired was deemed timely and ordered filed nunc pro tunc as of the date of mailing.

The necessary consequence of the majority's position is that an attorney who resides in one part of the state and who must file a notice of appeal in another part of the state remote to where he resides must make a long trip to assure the prompt filing of a notice of appeal if he has not been able to file the notice until near the end of the one-month period permitted by the rules. I see no good reason for imposing such an onerous burden on attorneys. It is not consonant with the fundamental principle that the rules of procedure should be construed "to secure the fast, speedy and inexpensive determination of every action." Rule 1(a), Utah R.Civ.P.

HOWE, Justice, dissenting:

I concur with the conclusion in the majority opinion that U.C.A., 1953, § 63–37–1 pertaining to the filing of reports, claims, tax returns, statements and other documents with the State of Utah or its political subdivisions is not applicable to the filing of notices of appeal to this Court. I further concur that under Rule 73(a), mailing within the prescribed time is not the equivalent of filing within the prescribed time. This contention was rejected by the court in *Sanchez v. Board of Regents,* 625 F.2d 521 (5th Cir.1980). There the court said:

> Deposit of a notice of appeal in the mail is not equivalent to filing it, and appellant's notice was therefore untimely. [Citations omitted.]

*Id.* at 522. In that case the court was construing Rule 4(a) FRAP, which at the time that case was decided was very similar to our Rule 73(a). Although the dissenting opinion of Justice Stewart cites that case for the proposition that an appellant may rely "on the normal course of delivery of the mail to effectuate the filing of a notice of appeal" that statement relates to another matter, as I will hereafter point out. Both in that case and in *Evans v. Jones,* 366 F.2d 772 (4th Cir.1966) the appellant mailed his notice of appeal in what he thought to be ample time, only to find that it arrived at the clerk's office one or two days late. In neither case was it held that the filing of the notice of appeal was timely.

However, in *Sanchez v. Board of Regents,* supra, the court treated the late-filed notice of appeal as a motion to extend the time for filing the notice of appeal, and remanded the case to the district court for it to consider whether there was excusable neglect which under Rule 4(a) would allow that court to extend the time for filing the notice of appeal.

This practice has been adopted and followed in at least four of the circuits where a finding of excusable neglect by the district court before or after expiration of the

original period for taking an appeal will validate a late filing, provided filing was made within the sixty-day maximum.[1] See *Stirling v. Chemical Bank*, 511 F.2d 1030 (2d Cir.1975) where the court stated that the trial court could treat the late-filed notice of appeal as "the substantial equivalent" of a motion to extend time due to excusable neglect; *Evans v. Jones*, supra; *Lashley v. Ford Motor Co.*, 518 F.2d 749 (5th Cir.1975) where the court remanded the case to the district court to give the appellant thirty days to move for an extension of time to file his notice of appeal because of his excusable neglect; *Reed v. People of State of Michigan*, 398 F.2d 800 (6th Cir.1968).

In *Sanchez v. Board of Regents*, supra, the court noted that its construction of Rule 4(a) had been criticized as clearly contrary to the text of the rule, citing C. Wright, Law of Federal Courts, § 104, at 522, n. 19 (3d Ed.1976). The court further observed that in 1979 amendments had been made to Rule 4 which now make it clear that a motion to extend the time for filing a notice of appeal must be filed not later than thirty days after the expiration of the original time for appeal, and hence, in the future, a late-filed notice of appeal could no longer be treated as a motion to extend the time for filing a notice of appeal.

Since our Rule 73(a) still reads like the old Federal Rule 4(a), I would follow the above cited federal cases and hold in the instant case that the appellant's appeal was not timely filed and treat his notice of appeal as a motion to extend the time for filing a notice of appeal. Consequently, I would remand the case to the district court to determine whether it was excusable neglect for appellant's counsel to rely on the mail to deliver his notice of appeal to the clerk's office in Sanpete County within the one month period. This practice could afford relief to an attorney who resides in one part of the state and who must file a notice of appeal by mail in another part and relies upon usual delivery times.

1. Under Rule 4(a) FRAP, an appellant usually has thirty days to appeal but may request an extension of another thirty days, whereas un-

der Utah's Rule 73(a) the period of time is one month with the right to request an additional one month.