Boguslaw **LEONCZYNSKI**, Plaintiff,

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, Department of Employment Security, Defendants.**

No. 20537.

Supreme Court of Utah.

Nov. 18, 1985.

Boguslaw Leonczynski, pro se.

K. Allan Zabel, Winston M. Faux, Salt Lake City, for defendants.

## MEMORANDUM OF DECISION

DURHAM, Justice:

This case is before the Court on a petition for review of an order of the Board of Review of the Industrial Commission. The Commission's order reversed an award of benefits to petitioner Leonczynski and remanded for a new hearing on the merits. The Commission has moved to dismiss the petition as untimely. We grant the motion.

On January 31, 1985, the Commission mailed to petitioner a copy of the Board of Review's decision to reverse and remand his case. The decision was mailed to the address on file with the Commission, and the record reflects that petitioner had previously received and responded to notices sent to that address. The decision sent to petitioner recites that it "will become final ten days after the date of mailing hereof, and any further appeal must be made directly with the Utah Supreme Court ... within ten days after this decision becomes final." Those time limits are set forth in U.C.A., 1953, § 35–4–10(h), (i) (Supp.1985). Petitioner filed his petition for review on March 15, 1985.

Petitioner claims that he did not receive notification of the decision until March 5, although he offers no explanation for that fact. In any event, we are bound by the language of the statute providing that "[a]ny decision ... becomes final ten days after the date of ... mailing...." § 35–4–10(h). Petitioner has made no challenge to the validity of the statute.

■ This Court has not yet addressed the question, but we conclude that the

timely filing of petitions of review, like that of notices of appeal from judicial orders, is jurisdictional. *See Midway Industrial Contractors, Inc. v. Occupational Safety & Health Review Commission,* 616 F.2d 346 (7th Cir.1980), and other federal cases cited therein. Consequently, the petition is dismissed for lack of jurisdiction.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.