**Richard FIELDS, Plaintiff and Appellant,**

v.

**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, dba Mountain Bell, a Colorado corporation, and John Doe, Defendants and Respondents.**

No. 880043–CA.

Court of Appeals of Utah.

May 12, 1988.

Denver C. Snuffer, Jr., Maddox & Snuffer, Murray, for plaintiff and appellant.

Floyd A. Jensen, Salt Lake City, for defendants and respondents.

Before JACKSON, ORME and GREENWOOD, JJ. (On Law and Motion).

## MEMORANDUM DECISION OF SUMMARY AFFIRMANCE

PER CURIAM:

Plaintiff appeals the trial court's dismissal of his complaint, which was filed after the running of the statute of limitations. After a review of plaintiff's amended docketing statement, we conclude that the issue presented on appeal is so insubstantial as

to not merit further review. Therefore, we summarily affirm the trial court, sua sponte. R.Utah Ct.App. 10(e).

The relevant procedural facts of this case are undisputed. On review of an order dismissing the plaintiff's complaint, we accept as true the allegations of the complaint. *Butcher v. Gilroy*, 744 P.2d 311 (Utah App.1987). Assuming them to be true, we also view the procedural facts asserted in the amended docketing statement in the light most favorable to the plaintiff. Plaintiff was injured in an automobile accident on June 21, 1983, when he collided with a vehicle operated by defendant's employee. Pursuant to the four-year statute of limitations in Utah Code Ann. § 78–12–25 (1987), plaintiff was required to commence an action to recover his damages no later than June 21, 1987. A complaint was not filed, and no action was otherwise commenced before said date.

On June 17, 1987, the plaintiff's attorney mailed a complaint and the requisite filing fee to the clerk of the court via the United States mail. Several days later, when the attorney inquired as to what had become of the complaint and the filing fee, he was informed by the clerk's office that they had not been received. A copy of the original complaint was subsequently delivered to the clerk and filed on July 7, 1987, and the filing fee was then paid. According to plaintiff's attorney, the originally mailed complaint and filing fee were never received by the clerk's office.

■ Plaintiff argues that under Utah Code Ann. § 63–37–1(2) (1986), the mailing of a complaint and filing fee constitutes commencement of an action for the purposes of the statute of limitations. Section 63–37–1 provides, in part, that:

Any report, claim, tax return, statement or other document or any payment required or authorized to be filed or made to the state of Utah, or to any political subdivision thereof, which is:

(1) Transmitted through the United States mail, shall be deemed filed or made and received by the state ... on the date shown by the post-office cancellation mark....

(2) Mailed but not received by the state or political subdivisions where received and the cancellation mark is illegible, erroneous, or omitted, shall be deemed filed or made and received on the date it was mailed if the sender establishes by competent evidence that the report, claim, tax return, statement or other document or payment was deposited in the United States mail on or before the date for filing or paying....

Plaintiff contends that his complaint and filing fee were deemed filed on June 17, 1987, the date on which he deposited them in the mail. Addressing a similar argument regarding the timely filing of a notice of appeal, the Utah Supreme Court expressly rejected the claim that this statute applies to judicial proceedings. In *Isaacson v. Dorius*, 669 P.2d 849 (Utah 1983), the Supreme Court held that the mailing of a notice of appeal does not constitute "filing" of an appeal within the meaning of the appellate rules.[1]

■ The statute upon which appellant relies expressly refers only to "a report, claim, tax return, statement or other document" that is required or authorized to be filed with the state or with its political subdivision. This language does not include the commencement of a legal action in the courts of this state, as specifically described in Utah R.Civ.P. 3. Under the doctrine of *ejusdem generis*, where general language is used together with specific words, the meaning of the general language is generally restricted to a sense analogous to the specific words. The statutory language used here has little affinity to legal pleadings. The reference to "other document" relates to such documents similar in nature to reports, tax returns and claims against the state. *Isaacson*, 669

---

**1.** In 1983, the rules governing the filing of appeals were contained in the Utah Rules of Civil Procedure, Rules 72 and 73. These rules were later supplanted by the Utah Rules of Appellate Procedure, Rules 3 and 4, effective January 1, 1985, and by the separate Rules of the Utah Court of Appeals and the Rules of the Utah Supreme Court in 1987.

P.2d at 851. *See also In re Disconnection of Certain Territory from Highland City,* 668 P.2d 544, 547–48 (Utah 1983). Appellant's construction of the statute to also include the filing of pleadings with the courts would render chaotic and ineffective numerous state statutes and rules relating to time limitations.

The issue raised by appellant in his amended docketing statement was clearly rejected in *Isaacson.* Appellant cites no authority, and we find none, to support the contention that section 63–37–1 was intended to include the commencement of a legal action in our state courts or that a court's jurisdiction may be invoked by merely depositing a complaint in the mail. A civil action is commenced either by the filing of a complaint with the clerk of court or by the service of a summons. When a complaint is "filed," a copy must be "deposited with the court." "Deposit with the court" does not mean deposit in the mail. *See* Utah R.Civ.P. 3(b) and 5(e).

The decisions of other states under similar statutory provisions or rules likewise reject appellant's reasoning. *See Squatrito v. Barnett,* 338 So.2d 975 (La.App.1976) ("delivery" requires receipt by the court clerk and is designed to prevent a claim that lost pleadings were mailed but not received by the clerk); *Schaffer v. Champion Home Builders Co.,* 747 P.2d 872 (Mont.1987) (mailing is. not "filing"). A party who relies upon the mail does so at his or her own peril. *Biafore v. Baker,* 119 Mich.App. 667, 326 N.W.2d 598 (1982) (complaint is filed when it is delivered to and received by the court clerk).

The statute of limitations expired before plaintiff's action was properly commenced. Dismissal by the court below is summarily affirmed.