Serafin SILVA, Petitioner,

v.

**DEPARTMENT OF EMPLOYMENT
SECURITY, Respondent.**

No. 890630–CA.

Court of Appeals of Utah.

Jan. 11, 1990.

Christopher C. Fuller, Ogden, for petitioner.

K. Allen Zabel, Salt Lake City, for respondent.

Before ORME, GARFF and DAVIDSON, JJ. (On Law and Motion).

## MEMORANDUM DECISION

PER CURIAM:

The Board of Review of the Industrial Commission ordered that petitioner Serafin Silva must repay over $5,000 because of unemployment benefit overpayments. Petitioner petitioned this court for review of that decision but because the petition for review was not timely filed, we dismiss for lack of jurisdiction.

The procedural facts relevant to our jurisdiction in this matter are not disputed by petitioner. The decision of the Board of Review which petitioner wishes to appeal was issued on September 25, 1989. On Monday, October 23, 1989, petitioner's attorney mailed a Petition for Writ of Review to the Clerk of the Utah Court of Appeals. On Thursday, October 26, 1989, the petition was received by the court clerk through the mail. The petition was stamped and filed in the Utah Court of Appeals on October

26, 1989, thirty-one days after the Board's decision.

■ At the time petitioner's docketing statement was filed, this court noted the apparent untimeliness of the petition and gave notice to the parties of consideration for summary dismissal. We have the responsibility to examine and question our own jurisdiction, or lack thereof, in all appeals before us. *Thompson v. Jackson*, 743 P.2d 1230, 1232 (Utah Ct.App.1988). Whether by our own discovery or by motion of a party, dismissal for lack of jurisdiction will be considered at any stage of the proceedings when it appears that jurisdiction is, in fact, lacking. *Id.; Accord Basso v. Utah Power & Light*, 495 F.2d 906, 909–10 (10th Cir.1974). The parties cannot by their silent aquiescence invest jurisdiction upon this court when the requisite elements are absent. *Thompson*, 743 P.2d at 1232.

■ The timely filing of a petition for judicial review of an Industrial Commission decision is jurisdictional. *Leonczynski v. Board of Review*, 713 P.2d 706 (Utah 1985). Although *Leonczynski* was decided prior to the application of the new Utah Administrative Procedures Act (U.A.P.A.), Utah Code Ann. §§ 63–46b–1 to –22 (1989), this jurisdictional principle was not altered by the new act. Rule 14(a) of the Rules of the Utah Court of Appeals requires that a petition for review of the final order of an administrative agency *"shall be filed with the clerk* of the Court of Appeals within the time prescribed by statute or, if there is no time prescribed, within 30 days after the date of the order or decision." (Emphasis added). Section 63–46b–14(3)(a) provides that "a party shall file a petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action issued...." The Utah Supreme Court's conclusion in *Leonczynski* applies equally to petitions for judicial review now filed under U.A.P.A. Without a proper filing of a petition for review within 30 days of the Board's final decision, we are without jurisdiction to consider the appeal.

■ Although not disputing the factual accuracy of the events leading up to this appeal, petitioner argues that his petition was timely filed because it was mailed on October 23rd. The operative act to commence petitioner's appeal is the filing of the petition with the clerk. The argument that an appeal is filed when mailed has been consistently rejected in the past and we reject it here. *See Isaacson v. Dorius*, 669 P.2d 849 (Utah 1983); *State v. Palmer*, 777 P.2d 521 (Utah Ct.App.1989); *cf. Fields v. Mountain States Tel. and Tel.*, 754 P.2d 677 (Utah Ct.App.1988) (mailing is not the equivalent of filing). Deposit in the mail on October 23, 1989 did not accomplish the act of filing under our procedural rules. *Isaacson*, 669 P.2d at 851. The act of filing a document requires that the document be deposited with the court clerk, and not with the post office or some other mechanism for delivery. *Fields*, 754 P.2d at 679.

■ The thirty-day time period to file an appeal may not be extended because the agency's decision was mailed to petitioner or was not received by petitioner until days after its service. To allow the time for appeal to be extended because of receipt in the mail is contrary to the statutory language and would render uncertain the time for appeal in virtually every case. The appeal time commences when the final agency order issues and not when allegedly received by a party. Nor can the thirty-day time be extended three days because the agency mailed a copy to the petitioner.

■ Misconstruing the basis of our concern about the timeliness of his appeal, petitioner also argues that the appeal is not untimely just because a certificate of service was not filed with the petition. Petitioner did neglect to attach a certificate evidencing service of a copy upon the opposing parties. Service upon counsel or other parties is required by our Rule 14 and failure to do so may be grounds for appropriate sanctions. However, service of a petition for review or notice of appeal on an opposing party does not substitute for nor accomplish the act of filing that appeal with the clerk. Consequently, in this case,

the failure to attach a certificate of service to the petition does not affect the petition's filing date and is not the basis upon which this appeal fails for lack of jurisdiction.

The petition for a writ of review is summarily dismissed.

All concur.