**Floyd WIGGINS, Petitioner,**

v.

**BOARD OF REVIEW OF the INDUSTRI-
AL COMMISSION OF UTAH, Workers'
Compensation Fund, and Daryl B. Tay-
lor Transportation, Respondents.**

No. 910671–CA.

Court of Appeals of Utah.

Jan. 23, 1992.

David W. Parker, Salt Lake City, for
petitioner.

Suzan Pixton, Salt Lake City, for respon-
dents Workers' Compensation Fund and
Daryl B. Taylor Transp.

Before GREENWOOD, BENCH and
ORME, JJ.

## OPINION

PER CURIAM:

Petitioner filed this petition for review,
claiming the trial court erred in denying his
motion for review. After reviewing the
docketing statement, this court informed
both parties that it was considering sum-
mary dismissal on the basis that the peti-
tion for review was not timely filed. Both
parties filed memoranda in response to the
court's notice.

The sole issue presented is whether the
petition for review was timely filed. On
October 22, 1991, the Industrial Commis-
sion denied petitioner's motion for review
and, as evidenced by the certificate of mail-
ing, mailed its order the same day. On
November 22, 1991, petitioner filed his peti-
tion for review.

Petitioner asserts that his petition
should be deemed timely on the basis that
he did not receive the Commission's order
until November 8, 1991. Utah Code Ann.
§ 63–46b–14(3)(a) (1989) provides that a
party shall file a petition for judicial review
of agency action within 30 days after the
date that the order constituting the final
agency action is issued. *See also* Utah
R.App.P. 14(a). "Issue" is defined as "[t]o
send forth; to emit.... To put into circu-
lation ... To send out, to send out official-
ly." Black's Law Dictionary 577 (6th ed.
1991). We also note that the Department
of Employment Security has defined "is-
sued" in the context of issuing a notice of
determination as "sent through the U.S.
mail or served in person." Utah Code Ad-
min.P. R475–6c–2. We hold that "issue" as
used in section 63–46b–14(3)(a) means the
date the agency action is properly mailed,
as accurately evidenced by the certificate
of mailing, or personally served. This con-

trasts with the rule governing appeals from judicial action, the timeliness of which are calculated with reference to the date of entry. *See* Utah R.App.P. 4(a) ("the notice of appeal ... shall be filed with the trial court within 30 days after the date of entry of the judgement or order appealed from.").

In this case, the certificate of mailing indicates that the order denying petitioner's motion for review was mailed to petitioner and his attorney on October 22, 1991. The petition for review was filed on November 22, 1991, thirty-one days later. We conclude that the time for filing the petition for review commenced on October 22, 1991 when the agency decision was mailed, and not when petitioner received the agency's decision.

Petitioner also claims his appeal should be deemed timely because: 1) he had to obtain resources for filing the petition fee; 2) respondents have not objected to the petition for review; and 3) respondents have not been prejudiced. The timeliness of filing a petition for review is jurisdictional. *Silva v. Department of Emp. Sec.*, 786 P.2d 246, 247 (Utah App.1990). On all appeals before this court, we have the responsibility to examine and question our own jurisdiction. *Id.* We therefore reject petitioner's claims that his petition should be deemed timely on the grounds that he had to obtain resources, respondents had not objected, and respondents had not been prejudiced.

Because the petition was not filed within thirty days of the issuance of the agency's decision, we dismiss the petition for review as untimely.