DUSTY'S, INC., Petitioner,

v.

AUDITING DIVISION OF the UTAH STATE TAX COMMISSION, Respondent.

No. 920215.

Supreme Court of Utah.

Oct. 30, 1992.

Mark K. Buchi, R. Bruce Johnson, William Kelly Nash, Salt Lake City, for Dusty's.

R. Paul Van Dam, Susan L. Barnum, Salt Lake City, for Tax Com'n.

PER CURIAM:

Dusty's, Inc., brought an original proceeding in this court seeking judicial review from a final Tax Commission order that imposed a sales tax on Dusty's sale of warranties. The Commission moved for summary disposition on the ground that Dusty's petition was untimely. This court granted the Commission's motion by minute entry. Before us now is Dusty's motion to reinstate the petition for judicial review. We deny that motion.

A brief sketch of the procedural facts is in order. On March 25, 1992, the chairman and three commissioners of the Commission signed a document entitled "Findings of Facts, Conclusions of Law, and Final Decision." Below the signatures appeared the Commission's seal and the following paragraph:

NOTICE: You have thirty (30) days after the date of this order to file in Supreme Court a petition for judicial review. Utah Code Ann. §§ 63–46b–13(1), 63–46b–14(2)(a).

On Monday, April 27, thirty-three days after the date of the order, Dusty's filed in this court its "Petition for Review of Final Decision of State Tax Commission." In invoking this court's jurisdiction, Dusty's stated, "This Petition is timely made as it is filed within thirty (30) days of the final decision of the Commission." Review by this court was granted, and Dusty's filed its docketing statement. This time, the

jurisdictional invocation claimed that the petition "was timely filed within thirty days after receipt of notice of the Final Decision of the Commission pursuant to Utah Admin.R. R861-1-8a [sic] (1992)."

The Commission moved for summary disposition on the ground that the petition had been filed three days late. Dusty's opposed the motion. This court granted the motion to dismiss.

Dusty's motion to reinstate the appeal is grounded in the same arguments as was its opposition to summary dismissal, and the Commission's opposition to reinstatement repeats what it argued in the memorandum supporting its motion to dismiss. We first state the position each side has taken on this jurisdictional issue and then proceed to address the merit or lack of merit of each.

Dusty's concedes that this court has jurisdiction to review all final agency actions resulting from formal adjudicative proceedings under the Utah Administrative Procedures Act (UAPA), Utah Code Ann. §§ 63-46b-1 to -22 (1989 & Supp.1992). Dusty's believes, however, that its petition was nonetheless timely under section 59-1-504 of the Code. Under that section, says Dusty's, Commission actions become final thirty days *after the date of mailing* of the Commission's notice of agency action.

Dusty's goes on to say that the Commission has interpreted section 59-1-504 under rule R861-1-8A of the Utah Administrative Code to mean that a party adversely affected by the action may appeal within thirty days *after receipt of notice*. Dusty's points out that rule 14(a) of the Utah Rules of Appellate Procedure requires a petition for judicial review to be filed within the time prescribed by statute and argues that the prescribing statute here is section 59-1-504, as construed by the Commission in rule R861-1-8A.

Dusty's admits that the final Commission order was dated March 25, was mailed March 26, and was received by Dusty's on March 30. Therefore, says Dusty's, pursuant to section 59-1-504, the order became final thirty days after mailing, or on April 25, a Saturday. But, says Dusty's, because the Commission has specifically interpreted the statute as establishing the time for appeal to be within thirty days of *receipt* of notice, Dusty's petition was not due until April 29. Ergo, says Dusty's, its filing on April 27 was timely, irrespective of whether the statute or the rule is applied.

Dusty's then proceeds to interpret section 63-46b-14(3)(a), which requires a petitioner to "file a petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action is *issued*." (Emphasis added.) Under that language, says Dusty's, the order was not *issued* until Saturday, April 25, and the petition for review was therefore not due until May 25. According to Dusty's, the crux of the statutory language is the word "issued," which is nowhere defined in the UAPA.

The Commission takes the traditional approach. It argues that the procedures for agency action, agency review, and judicial review are all established by the UAPA. Section 63-46b-14(3)(a) requires that judicial review be requested within thirty days after the order on final agency action is issued. That date was March 25, and Dusty's petition was therefore due on Friday, April 24. Its April 27 filing was three days late. The Commission believes that this court was therefore correct in dismissing Dusty's petition for lack of jurisdiction. And, it adds, the statutory time frame is the same as that required by rule 14(a) of the Utah Rules of Appellate Procedure.

The Commission refers this court to *Silva v. Department of Employment Security*, 786 P.2d 246 (Utah Ct.App.1990), where a petition for writ of review was mailed before, but received by the clerk of the court of appeals later than, thirty days after the date of the agency order. The court of appeals dismissed that petition as untimely.

Finally, the Commission argues that Dusty's reliance on section 59-1-504 and rule R861-1-8A is misplaced. Both of those provisions have been superseded by the enactment of the UAPA, as set out in section 63-46b-22, which governs judicial review. The Commission believes that Dusty's fails to distinguish section 59-1-

504, which the Commission says deals with notices to taxpayers regarding the date taxes, interest, and penalties assessed by the Commission are due.

■ It appears to this court that the statutory instructions are quite straightforward. In all administrative agency cases initiated after January 1, 1988, this court and the court of appeals have consistently been guided by the provisions of the UAPA in undertaking judicial reviews of final agency actions. Utah Code Ann. § 63–46b–22.[1] As the Commission correctly points out, under the UAPA, the time periods established for judicial review are strictly construed:

> Nothing in this chapter may be interpreted to restrict a presiding officer, for good cause shown, from lengthening or shortening any time period prescribed in this chapter, *except those time periods established for judicial review.*

Utah Code Ann. § 63–46b–1(9) (emphasis added).

Dusty's petition for writ of review is governed by section 63–46b–14(3)(a):

> A party shall file a petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action is *issued....*

(Emphasis added.)

Dusty's argument that the date of issue is ambiguous and subject to several inconsistent interpretations is not persuasive. The Commission itself defined the date of issue when it postscripted the order with the usual legend found in all Tax Commission orders:

NOTICE: You have thirty (30) days after the date of this order to file in Supreme Court a petition for judicial review. Utah Code Ann. §§ 63–46b–13(1), 63–46b–14(2)(a).

The Commission chose the date of the order as the date of issue. It accorded Dusty's notice of the time limitations, and the chosen procedure was well within the bounds of due process notions and the Commission's discretion. Most importantly, it gave Dusty's actual and constructive notice, and Dusty's ignored that notice at its peril.

■ For Dusty's future guidance and the guidance of all those who petition for judicial review from agency action, we hold that the date the order constituting the final agency action *issues* is the date the order bears on its face. Support for that conclusion is found in the UAPA itself. Section 63–46b–21[2] governs agency action on declaratory orders. After receiving petitions for declaratory orders, agencies may *issue* written orders. Copies of all orders *issued* in response to requests for declaratory proceedings must be *mailed promptly* to petitioners or other parties. Inasmuch as declaratory orders have the same status and binding effect as any other orders *issued* in an adjudicative proceeding, it follows that the differentiation between *issuance* and *mailing* may not be limited to declaratory orders alone.

We now address Dusty's main point, that its petition for judicial review must be governed by section 59–1–504 and rule R861–1–8A in isolation from the UAPA.

■ Part 5 of chapter 1, title 59, deals with petitions for redetermination of defi-

---

1. **63–46b–22. Transition procedures.**
   (1) The procedures for agency action, agency review, and judicial review contained in this chapter are applicable to all agency adjudicative proceedings commenced by or before an agency on or after January 1, 1988.
   (2) Statutes and rules governing agency action, agency review, and judicial review that are in effect on December 31, 1987, govern all agency adjudicative proceedings commenced by or before an agency on or before December 31, 1987, even if those proceedings are still pending before an agency or a court on January 1, 1988.

2. **63–46b–21. Declaratory orders.**
   ....
   (6)(a) After receipt of a petition for a declaratory order, the agency may *issue* a written order[.]
   ....
   (c) A copy of all orders *issued* in response to a request for a declaratory proceeding shall be *mailed promptly* to the petitioner and any other parties.
   (d) A declaratory order has the same status and binding effect as any other order *issued* in an adjudicative proceeding.
   (Emphasis added.)

ciencies before the Commission. Requests for redetermination are for agency action, not for judicial review. § 59-1-501. Once the Commission has determined a deficiency, the assessed amount becomes payable within thirty days from the date of mailing of the notice of demand from the Commission. § 59-1-503. Section 59-1-504 reads as follows:

The action of the commission on the taxpayer's petition for *redetermination* of deficiency shall be final 30 days after the date of mailing of the commission's notice of agency action. All tax, interest, and penalties are due 30 days from the date of mailing, *unless the taxpayer seeks judicial review.*[3]

(Emphasis added.)

The authority to redetermine deficiencies lies with the Commission, which allows taxpayers thirty days after mailing to remit amounts due. If the taxpayer disputes the redetermined amount, payment is suspended, and the taxpayer deposits the disputed amount instead, as set out in section 59-1-505. Section 59-1-504 does not contain time limitations for judicial review. They are dictated by section 63-46b-14(3)(a).

■ Rule R861-1-8A of the Administrative Code,[4] as written, purports to govern appeals from informal adjudicative proceedings, pursuant to section 59-1-602, and is therefore irrelevant to the case before us.[5] Another rule, not cited by Dusty's, does apply to these proceedings. Rule R861-1-5A of the Utah Administrative Code provides in relevant part:

M. Orders. The Commission will issue a written order after adjudicatory proceedings in accordance with Utah Code Ann. Section 63-46b-10.[6]

Section 63-46b-10 dictates procedures required to be taken by the presiding officer in *formal* adjudicative proceedings, which include statements of findings, conclusions, reasoning, relief, notice of right to apply for reconsideration, and notice of right for judicial review as well as the time limitation applicable to that review.

---

3. Section 59-1-504 was amended in 1987 in conjunction with the enactment of the UAPA, and the italicized language replaced previous language "unless taxpayer files within that period an appeal with the tax division of district court as provided by Part 6, Chapter 1, Title 59." 1987 Utah Laws ch. 161, § 213. The Commission infers from this amendment, correctly, we believe, that the legislature was aware of the conflicting time provisions and brought them in line with the UAPA. As it is now written, section 59-1-504 applies only to proceedings before the agency.

4. R861-1-8A. Appeal Pursuant to Utah Code Ann. Sections 59-1-602, 59-1-505.
    A. Time of Appeal. Within 30 days after receipt of notice of any order of the Commission, any party adversely affected thereby may appeal the order to the proper judicial authority. If an appeal is not timely filed, the order becomes final at the end of the 30-day period. Copies of such appeal shall be served upon the Commission and upon the Office of the Attorney General.

5. Without ruling on the issue, we agree with Dusty's that the rule does not appear to track any statute insofar as it purports, without statutory authority, to extend the time for appeal to thirty days after receipt of notice of the Commission's order. The authority of administrative agencies to promulgate rules and regulations "is limited to those regulations which are consonant with the statutory framework, and neither contrary to the statute nor beyond its scope." *Crowther v. Nationwide Mut. Ins. Co.,* 762 P.2d 1119, 1122 (Utah Ct.App.1988) (citing *Lockheed Aircraft v. Tax Comm'n,* 566 P.2d 1249 (Utah 1977)).

6. 63-46b-10. Procedures for formal adjudicative proceedings—Orders.
    In formal adjudicative proceedings:
    (1) Within a reasonable time after the hearing, or after the filing of any post-hearing papers permitted by the presiding officer, or within the time required by any applicable statute or rule of the agency, the presiding officer shall sign and issue an order that includes:
    (a) a statement of the presiding officer's findings of fact based exclusively on the evidence of record in the adjudicative proceedings or on facts officially noted;
    (b) a statement of the presiding officer's conclusions of law;
    (c) a statement of the reasons for the presiding officer's decision;
    (d) a statement of any relief ordered by the agency;
    (e) a notice of the right to apply for reconsideration;
    (f) a notice of any right to administrative or judicial review of the order available to aggrieved parties; and
    (g) the time limits applicable to any reconsideration or review.

The Commission's notice to Dusty's that its petition for judicial review would have to be perfected within thirty days of the Commission's order was proper under that administrative rule, and the rule is within the scope and authority of the statute to which it refers.

To summarize, Dusty's time to seek judicial review in this court was prescribed by section 63–46b–14(3), requiring it to file its petition for judicial review within thirty days after the order constituting final agency action was issued. The order was issued on the date it bore on its face. Section 59–1–504 does not govern petitions for judicial review, and rule R861–1–8A does not apply.

The motion to reinstate the petition for review is denied.