**BONDED BICYCLE COURIERS,**
**Petitioner,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY; and John P. Schoenfeld, Respondents.**

**No. 920621–CA.**

Court of Appeals of Utah.

Dec. 4, 1992.

---

Brenda L. Flanders and Dena C. Sarandos, Salt Lake City, for petitioner.

R. Paul Van Dam and K. Allan Zabel, Salt Lake City, for respondent Dept. of Employment Sec.

Before JACKSON, BENCH and GARFF, JJ. (Law & Motion).

**PER CURIAM:**

This matter is before the court on its own notice of consideration for summary disposition. We summarily dismiss the petition for review.

Petitioner seeks appellate review of a decision by the Board of Review of the Industrial Commission, awarding unemployment benefits to respondent Schoenfeld. The decision at issue bears a date of August 18, 1992, but was not mailed to the parties until August 25, 1992. The petition for review was filed with the clerk of this court on September 28, 1992.

The timely filing of a petition for review from final agency action is jurisdictional. *Silva v. Department of Emp. Sec.,* 786 P.2d 246, 247 (Utah App.1990) (per curiam). Since this case was commenced after January 1, 1988, it is governed by the Utah Administrative Procedures Act (UAPA), Utah Code Ann. § 63–46b–1 to § 63–46b–22 (1989 & Supp.1992). Section 14 of UAPA provides that "A party shall file a petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action is *issued...*." Utah Code Ann. § 63–46b–14(3)(a) (1989) (emphasis added).

The term "issued" is not defined in UAPA, and this court and the Utah Supreme Court have recently defined it in different ways. In *Wiggins v. Board of Review,* 824 P.2d 1199 (Utah App.1992) (per curiam), this court held that "issue," in this context, "means the date the agency action is properly mailed...." In the present case, the order itself provided that it was

final on the date of mailing and that petitioner had 30 days from the date of mailing to seek judicial review. However, the Utah Supreme Court recently reached a different conclusion, stating, "for the guidance of all those who petition for judicial review from agency action, we hold that the date the order constituting final agency action *issues* is the date the order bears on its face," and not the date it is mailed. *Dusty's, Inc. v. Utah State Tax Comm'n,* 842 P.2d 868, 870 (Utah 1992) (per curiam).

Although it does not expressly say so, *Dusty's* clearly overrules *Wiggins.* Therefore, despite this court's inclination to find that "issued" means "mailed," we are bound to follow the rule of law as it has been pronounced by the Utah Supreme Court. Applying the rule of *Dusty's* to this case, the order was "issued" on August 18, 1992, the date it bears on its face. Since the petition for review was not filed within 30 days of the date of issue, it is untimely and this court lacks jurisdiction over the appeal.[1]

The petition is dismissed.

---

1. The fact that the order specified that petitioner had 30 days from the date of *mailing* to file a petition does not change this result, for two reasons. First, the agency has no authority to enlarge the appellate jurisdiction of this court. Second, petitioner did not file a petition within 30 days of the date of mailing.