**Patricia BUCZYNSKI, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF UTAH, Workers' Compensation Fund of Utah, and Utah State University, Respondent.**

No. 950086.

Supreme Court of Utah.

May 21, 1996.

James R. Hasenyager, Ogden, for Buczyn-ski.

Alan Hennebold, Salt Lake City, for Industrial Commission.

Elliot K. Morris, Murray, Suzan Pixton, Salt Lake City, for Workers' Compensation and Utah State University.

RUSSON, Justice:

Patricia Buczynski petitioned the court of appeals to review the Utah Industrial Commission's denial of her motion seeking benefits under Utah's Workers' Compensation Act. The court of appeals dismissed the petition for lack of subject matter jurisdiction, holding that Buczynski failed to file her petition for review within the time specified by section 63–46b–14 of the Utah Code. Buczynski petitioned for a writ of certiorari which this court granted. *Buczynski v. Industrial Comm'n,* 899 P.2d 1231 (Utah 1995). We reverse and remand.

## FACTS

The facts of this case are uncontested. In June of 1993, Patricia Buczynski initiated a workers' compensation complaint before the Utah Industrial Commission (Commission). Buczynski was represented by James R. Hasenyager (Counsel), whose correct address was listed on Buczynski's applications for hearings as well as on the Commission's appointment of counsel form.

After an administrative law judge denied Buczynski's claim, she moved for review with the Commission as provided for in section 35–1–82.53 of the Utah Code, which states:

(1) Any party in interest who is dissatisfied with the order entered by an administrative law judge may seek review of that order with the commission by complying with the commission's rules governing that review.

(2) The order of the commission on review is final, unless set aside by the Court of Appeals.

All documents Buczynski submitted to the Commission contained Counsel's correct address.

The Commission denied Buczynski's motion for review in an order dated August 5, 1994. That order was sent to Counsel's previous address. Unable to deliver the order to Counsel, the postal service returned it to the Commission on August 6, 1994. It is undisputed that Counsel's current address was contained in the Commission's files and that the Commission was solely responsible for the mailing error.

The Commission did not remail the order to Buczynski's counsel until September 15, 1994, ten days past the time a petition for review would have been due under section 63–46b–14(3)(a) of the Utah Code. This section provides in relevant part:

A party shall file a petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action is issued. . . .

Counsel received the order on September 16, 1994, and on September 19, 1994, filed a petition for judicial review with the court of appeals.

In an unpublished memorandum decision, the court of appeals dismissed Buczynski's petition for lack of subject matter jurisdiction. *Buczynski v. Industrial Comm'n*, No. 940544–CA (Ct.App. Jan. 25), *cert. granted*, 899 P.2d 1231 (Utah 1995). The court of appeals relied on this court's decision in *Dusty's, Inc. v. Auditing Division*, 842 P.2d 868, 870 (Utah 1992), where we held "that the date the order constituting the final agency action *issues* is the date the order bears on its face." *Accord Bonded Bicycle Couriers v. Department of Employment Sec.*, 844 P.2d 358, 360 (Ct.App.1992), *cert. denied*, 853 P.2d 897 (Utah 1993).

On certiorari, Buczynski argues that the court of appeals incorrectly interpreted section 63–46b–14 of the Utah Code and that on the facts of this case, *Dusty's, Inc.* does not apply. Second, Buczynski argues that the court of appeals' holding barring judicial review even though the order was not properly mailed until after the expiration of the thirty-day time limit is contrary to the Utah Administrative Procedures Act and violates the due process clauses of the Utah and United States Constitutions. Respondents Workers' Compensation Fund of Utah and Utah State University filed a letter in lieu of a brief, essentially agreeing with Buczynski's position.

## ANALYSIS

In *Dusty's, Inc.*, we denied Dusty's motion to reinstate its petition for judicial review of a final tax commission order because its petition was not timely filed. 842 P.2d at 872. Dusty's argued that the time for appeal should be thirty days from receipt of notice, while the tax commission argued that "[s]ection 63–46b–14(3)(a) requires that judicial review be requested within thirty days after the order on final agency action issued." *Id.* at 869. We upheld the tax commission's determination that the date of the order is the date of issue. *Id.* at 870. The final

commission order "was dated March 25, was mailed March 26, and was received by Dusty's on March 30." *Id.* at 869. Thus, under the facts of the case, the commission

accorded Dusty's notice of the time limitations, and the chosen procedure was well within the bounds of due process notions and the Commission's discretion. *Most importantly, it gave Dusty's actual and constructive notice*, and Dusty's ignored that notice at its peril.

*Id.* at 870 (emphasis added).

Dusty's was afforded actual and constructive notice of the tax commission's order. Therefore, we did not need to address the issue presented by Buczynski's petition—namely, whether the Commission's failure to provide actual or constructive notice within the time to file a petition for judicial review precludes a party's right to petition for judicial review.[1]

The Utah Administrative Procedures Act provides, "A party aggrieved may obtain judicial review of final agency action, except in actions where judicial review is expressly prohibited by statute." Utah Code Ann. § 63–46b–14(1). Section 63–46b–14(3)(a) further provides, "A party shall file a petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action is issued." In addition, the Industrial Commission is statutorily required to provide notice of its orders and awards. Section 35–1–82.56 of the Utah Code provides:

All parties in interest shall be given due notice of the entry of any administrative law judge's order or any order or award of the commission. The mailing of the copy of said order or award to the last known address shown in the files of the commission of any party in interest and to the attorneys or agents of record in the case, if any, shall be deemed to be notice of such order.

1. *Harper Investments, Inc. v. Auditing Division*, 868 P.2d 813 (Utah 1994), involved facts similar to the case before us. The party in *Harper* received an administrative order after the expiration of the thirty-day limit to file for judicial review. *Id.* at 814. However, unlike the case before us, the party in *Harper* requested, and the

agency granted, an extension of time to file for reconsideration, pursuant to section 63–46b–13 of the Utah Code. *Id.* at 814–15. The agency's subsequent denial of the request for reconsideration began a new thirty-day period within which the party could file its petition for judicial review. *Id.* at 816.

The Industrial Commission must provide a party in interest actual or constructive notice of an order for such party to timely file a petition for judicial review. Strictly construing the thirty-day filing limitation of section 63–46b–14(3)(a) as beginning on the *date* of the order where the order was never mailed or was not mailed until *after* the time for petition had passed would deny that party's statutory right to judicial review.[2]

In the instant case, the order in question was not mailed until after the thirty-day period had expired. Thus, it was impossible for Buczynski to timely file her petition for review. Further, upon receiving notice of the order, Counsel promptly filed a petition for judicial review. Therefore, Buczynski's petition for judicial review must be allowed to proceed. *Cf. Myers v. McDonald*, 635 P.2d 84, 87 (Utah 1981) (tolling statute of limitations where plaintiffs "had no alterna-tive other than to bring their action after the statutory limitation period had expired.").

## CONCLUSION

We reverse the decision of the court of appeals and reinstate Buczynski's petition for a writ of review.

ZIMMERMAN, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, Associate C.J., concurs in the result.

---

**2.** Because we determine that Buczynski has a statutory right to petition for judicial review, we need not address the constitutional questions.