2011 UT App 430

**Brett PEREZ, Petitioner,**

v.

**SOUTH JORDAN CITY, a Utah municipal corporation; and South Jordan City Appeal Board, Respondents.**

**No. 20100545–CA.**

Court of Appeals of Utah.

Dec. 15, 2011.

Ryan B. Hancey, Salt Lake City, for Petitioner.

Camille N. Johnson and Maralyn M. English, Salt Lake City, for Respondents.

Before Judges DAVIS, ORME, and VOROS.

## MEMORANDUM DECISION

DAVIS, Presiding Judge:

¶ 1 Brett Perez contests the decision of the South Jordan City Appeal Board (the Board) upholding the termination of his employment with South Jordan City. We dismiss for lack of jurisdiction.

¶ 2 The Utah Municipal Code provides that "[a] final action or order of the appeal board may be reviewed by the Court of Appeals by filing with that court a petition for review," which must "be filed within 30 days after the issuance of the final action or order of the appeal board." Utah Code Ann. § 10–3–1106(6)(a)–(b) (Supp.2011). The decision of the Board in this case was dated June 7, 2010, and states, "The Board requests the City Recorder certify this decision in accor-

dance with the South Jordan City Employee Handbook." *See generally id.* § 10–3–1106(5)(a)(I) ("Each decision of the appeal board ... shall be certified to the recorder within 15 days from the date the matter is referred to it...."); City of South Jordan Employee Handbook § 4–06(5)(e)(2), *available at* http://sjc.utah.gov/pdf/HR–Employee Handbook.pdf (same). The City Recorder received the decision on June 10, 2010, and immediately mailed it to Perez with an accompanying letter notifying him that he could seek appellate review by filing "a notice of appeal no later than 30 days from the date of the issuance of the final action or order of the [B]oard." Perez filed a petition for review in this court on July 9, 2010.

¶ 3 Perez contends that his petition for review was timely filed in this court because the time for appeal did not begin until the decision was certified to the City Recorder. Respondents, South Jordan City and the Board, maintain that the decision was issued as of the date of the order and that Perez's petition for review was due no later than July 7, 2010. We agree with Respondents.

¶ 4 We have previously stressed the importance of establishing clear deadlines for appeals, a policy that is advanced by measuring filing deadlines from the date a decision is issued rather than the date it is mailed. *See Silva v. Department of Emp't Sec.,* 786 P.2d 246, 247 (Utah Ct.App.1990) (mem.) (per curiam) (rejecting a proposed rule that "would render uncertain the time for appeal in virtually every case"). Perez attempts to distinguish his case by asserting that the decision of the Board could not be considered "issued" until it was certified to the City Recorder. However, in construing the Utah Administrative Procedures Act our supreme court has held "that the date the order constituting the final agency action *issues* is the date the order bears on its face." *Dusty's, Inc. v. Utah State Tax Comm'n,* 842 P.2d 868, 870 (Utah 1992) (per curiam) (construing Utah Code Ann. § 63–46b–14(3)(a) (1989) (current version at *id.* § 63G–4–401(3)(a) (2008))). We see no reason to interpret the Utah Municipal Code any differently.

¶ 5 While the Utah Municipal Code states that the Board's decision "shall be certified to the recorder within 15 days from the date the matter is referred to it," *see* Utah Code Ann. § 10–3–1106(5)(a)(I), this requirement merely provides a deadline for the Board to certify its decision to the recorder; it does not add an additional requirement for issuance to be complete. Like the mailing of an order, which we have held on several occasions does not extend the time for filing a petition for review, *see Bonded Bicycle Couriers v. Department of Emp't Sec.*, 844 P.2d 358, 360 (Utah Ct.App.1992) (per curiam); *Silva*, 786 P.2d at 247; *see also Dusty's*, 842 P.2d at 870, the certification of the order to the City Recorder is merely a step in the process of notifying the petitioner of the Board's decision. It does nothing to delay the date of issuance.

¶ 6 Perez argues that this interpretation results in a violation of his right to seek judicial review because he had no access to the Board's decision until after it was mailed to him by the City Recorder. He argues that "[i]f the time between execution and certification of a decision applies toward the time for appeal, nothing would prevent an appeal board from holding a decision for twenty-nine days, giving a potential appellant just one day in which to timely appeal." We agree with Perez that a lengthy delay could conceivably result in the violation of a petitioner's statutory right to seek judicial review and observe that a delay of any more than fifteen days would violate the plain language of section 10–3–1106(5)(a)(I). However, a violation of the petitioner's right to statutory review does not automatically follow every time there is a gap of any length between the issuance of the decision and its certification and mailing. *Cf. Buczynski v. Industrial Comm'n*, 917 P.2d 552, 555 (Utah 1996) (holding that where a decision of the Industrial Commission was not mailed until after the time for filing a petition for review had passed and petitioner's counsel promptly filed the petition upon receiving notice of the order, petitioner's statutory right to judicial review could not be denied based on the expiration of the thirty-day period). The City Recorder's mailing of the decision within three days of its issuance was sufficiently prompt and did not result in a violation of Perez's statutory right to seek judicial review of the decision.

¶ 7 We are also not persuaded by Perez's argument that the City Recorder's letter could have reasonably misled him into believing that the time for filing a petition for review commenced as of the date of the letter rather than the date of the order. The decision, a copy of which was enclosed with the letter, was clearly dated June 7, 2010. The City Recorder's letter states that a copy of the decision "was delivered to [the City Recorder's] office ... June 10, 2010," but then goes on to explain that a notice of appeal must be filed "no later than 30 days from the date of the *issuance* of the final action or order of the board." (Internal quotation marks and additional emphasis omitted); *see also* Utah Code Ann. § 10–3–1106(6)(b). Nothing in the letter equates the date of issuance with the date of delivery to the City Recorder. It was not reasonable for Perez to simply assume that he could rely on the date of the letter rather than the date of the order in calculating the time for filing a petition for review. Furthermore, we disagree with Perez that the City Recorder had any obligation to point out "the time lag between the date of the order and date of its certification" or to "advise Perez that his appeal window [was] less than 30 days due to such delay."

¶ 8 Because the thirty-day time period for filing a petition for review of the Board's decision commenced as of the date of the order—June 7, 2010—Perez's petition for review, filed on July 9, 2010, was untimely. "[T]he timely filing of petitions of review ... is jurisdictional," *Leonczynski v. Board of Review*, 713 P.2d 706, 706–07 (Utah 1985) (mem.), "and failure to timely file results in dismissal," *Blauer v. Department of Workforce Servs.*, 2007 UT App 280, ¶ 7, 167 P.3d 1102. *See also Silva*, 786 P.2d at 247. Accordingly, we dismiss this case. *See generally Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989) ("When a matter is outside the court's jurisdiction it

retains only the authority to dismiss the action.").

¶ 9 I CONCUR: J. FREDERIC VOROS JR., Judge.

ORME, Judge (dissenting):

¶ 10 I dissent. Unlike the majority, I do see a reason to interpret the Utah Municipal Code (the UMC) differently from the Utah Administrative Procedures Act (UAPA). UAPA does not include a provision like the UMC provision that imposes a certification step. I think the UMC's requirement that the decision be certified to the City Recorder is analogous to the requirement that judgments be filed with the court clerk before they become final and appealable. *See* Utah R. Civ. P. 58A(b)-(c) (explaining that a "judgment is complete and shall be deemed entered for all purposes . . . when it is signed [by the judge] *and* filed [with the clerk]") (emphasis added); *Willden Family Dental, Inc. v. Cannon*, 2007 UT App 404U, para. 3, 2007 WL 4443005 (mem.) (per curiam) (holding that "[e]ntry of a final, appealable judgment . . . occurred when the order granting summary judgment was both signed by the district court judge and filed with the clerk").

¶ 11 If a judge signs a judgment on June 7, but it is not filed by the court clerk until June 10, the judgment is effective on June 10. *See Willden Family Dental, Inc.*, 2007 UT App 404U, para. 4, 2007 WL 4443005. The Board in this case may have signed its decision on June 7, but the *statutorily required* certification to the city recorder could not have happened until June 10, the day the City Recorder indicated in her transmittal letter to Perez that the decision was delivered to her and the day on which she mailed what she characterized as "a copy of the official Certified Decision & Order" to Perez.[1]

¶ 12 Decision "issuance" under the UMC did not ripen until the decision was certified to the City Recorder, as required by the mandatory language of the statute. *See* Utah Code Ann. § 10–3–1106(5)(a)(i) (Supp. 2011). The uncertainty my colleagues worry about is simply not presented by this case. Holding to my view—that issuance equates to the date a signed order is certified—promotes just as much certainty as the majority's view that issuance equates to the date of signing by the Board.[2] And my view recognizes, as did the Board, the importance of statutorily mandated certification.[3]

1. The majority takes comfort in a per curiam memorandum decision, *Silva v. Department of Employment Security*, 786 P.2d 246 (Utah Ct. App.1990). Unlike the petitioner in *Silva*, however, Perez is not claiming that the fact his copy was mailed on June 10, but did not reach him until later, means his appeal time was extended. *See id.* at 247. Instead, Perez focuses his attention on certification, which is much more analogous to a clerk filing a court's final order than it is to mailing notice of an immediately effective decision. In *Silva*, we were apparently concerned about the uncertainty that would ensue if petitioners used the date on which a decision was mailed or on which they received a decision in the mail as the starting date for appeal and judicial review deadlines, and we held that the starting date has to be "when the final agency order issues and not when [it is] allegedly received by a party." *Id.* In line with *Silva*, Perez acknowledges his appeal time started to run on June 10, with certification to the city recorder, not at some later date when he received the decision.

2. It may actually be that my view promotes greater certainty. In this case, there was a blank for the day in June when the order was signed. Someone—one of the three signatories, presumably—penned in "7." It is admittedly a legible, distinct seven in this case. But what if it looked like it could be a one or a seven? Or what if the signatories neglected to fill in the blank? Or what if the copy mailed to Perez bore one handwritten date and the copy in the Board's file bore a different one? The uncertainty resulting from such ambiguity would be eliminated by reliance on the more straightforward certification date.

3. The Board's decision ends with the request that "the City Recorder certify this decision." And, as noted, the recorder also appreciated the importance of this step, taking pains in her transmittal letter to refer to the copy enclosed for Perez as "a copy of the official Certified Decision & Order."