IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | OPINION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110897-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 28, 2012) |
| Manuel Hurtado Rincon, | ) | |
| | ) | 2012 UT App 372 |
| Defendant and Appellant. | ) | |

-----

Second District, Ogden Department, 101902812
The Honorable Michael D. DiReda

Attorneys:     Kevin G. Richards, Ogden, for Appellant
                   Mark L. Shurtleff and John J. Nielsen, Salt Lake City, for Appellee

-----

Before Judges Orme, McHugh, and Christiansen.

ORME, Judge:

¶1     Defendant Manuel Hurtado Rincon appeals his conviction for identity fraud, a second degree felony. *See* Utah Code Ann. § 76-6-1102 (LexisNexis 2012).[1] We reverse.

---

[1]Because the provisions in effect at the relevant time do not differ materially from the statutory provisions now in effect, we cite the current version of the Utah Code, unless otherwise noted, as a convenience to the reader.

## BACKGROUND

¶2    Several years ago, Defendant made up a random combination of nine numbers and began representing the number set as his social security number. Over the years, Defendant used the invented number numerous times and in multiple states for employment purposes. Most recently, Defendant used the number when he began working at a candy store in Ogden. Defendant had no clue whether the number had actually been assigned to anyone, and he had never seen, purchased, or possessed any identification or other documents indicating that it belonged to someone else.

¶3    As it turns out, the nine-digit combination that Defendant concocted happens to be the social security number of a woman living in Arizona, who lost her job in May 2010. When the woman was denied an extension of her unemployment benefits because, according to her social security records, she was employed by a candy store in Ogden, Utah, the authorities became involved, and Defendant's ruse was discovered.

¶4    Because he used what proved to be another person's social security number in connection with his job at the candy store, Defendant was arrested and charged with identity fraud. *See* Utah Code Ann. § 76-6-1102 (LexisNexis 2012). At the close of the State's case at trial,[2] Defendant moved to dismiss, arguing that the State had not presented sufficient evidence to prove that Defendant had "obtain[ed] personal identifying information of another person" as required by the identity fraud statute. *See id.* § 76-6-1102(2)(a)(i). The trial court denied the motion. Defendant made a similar motion after presenting his defense and also challenged the identity fraud statute as unconstitutionally vague. These motions were likewise denied, and the court ultimately found Defendant guilty. Defendant now appeals.

---

[2]Defendant waived his rights to a preliminary hearing and a jury trial. Accordingly, Defendant was tried by the court.

ISSUES AND STANDARDS OF REVIEW

¶5      Defendant contends that the plain meaning of the word "obtains"[3] as used in the identity fraud statute does not include the invention of a number, using only one's imagination, that coincidentally turns out to be another's social security number or other personal identifying information. *See id.* Alternatively, Defendant argues that if the word "obtain" can be construed broadly enough to include fabricate, hypothesize, concoct, or any other word synonymous with making something up in one's own mind, then the identity fraud statute as written is unconstitutionally vague. The interpretation of, and constitutional challenges to, a statute are questions of law that we review for correctness. *See State v. Gallegos*, 2007 UT 81, ¶ 8, 171 P.3d 426; *State v. Green*, 2004 UT 76, ¶ 42, 99 P.3d 820.

¶6      Based on his contention that his invention of a number cannot be construed to mean that he "obtained" another person's social security number, Defendant argues that there was insufficient evidence presented at trial to support his conviction of identity fraud. "When reviewing a bench trial for sufficiency of the evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if [we] otherwise reach[] a definite and firm conviction that a mistake has been made." *State v. Gordon*, 2004 UT 2, ¶ 5, 84 P.3d 1167 (alterations in original) (citations and internal quotation marks omitted).

ANALYSIS

¶7      Under Utah law, a person commits identity fraud when that person "(i) *obtains* personal identifying information of another person whether that person is alive or deceased; *and* (ii) knowingly or intentionally uses, or attempts to use, that information with fraudulent intent, including to obtain, or attempt to obtain, credit, goods, services, employment, any other thing of value, or medical information." Utah Code Ann. § 76-6-1102(2)(a) (emphasis added). It is not a defense if the person "did not know that the personal information belonged to another person." *Id.* § 76-6-1102(2)(b).

---

[3]While the statute uses the third person singular present tense, for ease of reference we primarily use "obtain" in our discussion.

¶8     Defendant contends that the word "obtain" plainly connotes some sort of affirmative act or effort to acquire personal identifying information from some external source. He reasons that simply concocting a nine-digit numerical combination lacks the necessary affirmative effort and, as a result, is nothing more than the product of one's own mental creativity. Moreover, Defendant asserts that if "obtain" is not given its ordinary meaning but rather is viewed so broadly that it even includes solitary mental creation, then the identity fraud statute is impermissibly vague because ordinary people will have no way of knowing what types of conduct the statutory language proscribes.

¶9     By contrast, the State employs a much broader reading of the statutory language to justify its conclusion that "obtain" is almost perfectly synonymous with the word "get." In effect, the State's reading includes any conceivable method of "getting"—i.e. taking, receiving, discovering, fabricating, overhearing, reading, creating, theorizing, hypothesizing, etc. The State argues that the "obtain[ing]" element is satisfied so long as a person "gets" the personal identifying information of another, regardless of the source of that information and even if the person merely concocts what coincidentally turns out to be someone else's personal information. We believe that the plain meaning of the statute, and specifically the pivotal word "obtain," does not warrant the State's expansive reading.

I. Plain Meaning of "Obtain"

¶10    When interpreting statutory provisions, "we first look to the plain language of the statute." *State v. Germonto*, 2003 UT App 217, ¶ 7, 73 P.3d 978. When construing a statute, words that "'are used in common, daily, nontechnical speech, should, in the absence of evidence of a contrary intent, be given the meaning which they have for laymen in such daily usage.'" *Travelers/Aetna Ins. Co. v. Wilson*, 2002 UT App 221, ¶ 12, 51 P.3d 1288 (quoting *Government Emps. Ins. Co. v. Dennis*, 645 P.2d 672, 675 (Utah 1982)) (additional citation and internal quotation marks omitted). We assume that "the words and phrases used [in the statute] were chosen carefully and advisedly," *Amax Magnesium Corp. v. Utah State Tax Comm'n*, 796 P.2d 1256, 1258 (Utah 1990), and we seek to avoid an interpretation that leads to absurd results, *see In re Z.C.*, 2007 UT 54, ¶ 11, 165 P.3d 1206.

¶11    The standard dictionary definition of "obtain" is "to gain or attain possession or disposal of usually by some planned action or method." *Webster's Third New Int'l*

*Dictionary* 1559 (1993). Common synonyms of "obtain" include: "acquire, attain, bag, bring in, capture, carry, come by, draw, gain, garner, get, knock down, land, make, obtain, procure, pull down, realize, reap, secure, win." *See Merriam-Webster OnLine*, http://www.merriam-webster.com/thesaurus/obtain (last visited Dec. 19, 2012). Although "get" is listed as a synonym, in actual usage "*obtain* does not mean simply 'get'; it means 'to gain or attain usually by planned action or effort.'" *Merriam Webster's Dictionary of English Usage* 677 (1989).

¶12    Based on a plain reading of the statute, we conclude that "obtain" necessarily involves (1) some planned action or effort (2) related to an external source. Given those two requisite components, mental processes resulting in an unintended match with someone else's personal information cannot logically be considered a method of "obtaining" information.

¶13    Information, or anything for that matter, cannot be "obtained" unless there is some planned action or effort involved. *See Webster's Third New Int'l Dictionary* 1559 (1993); *Merriam Webster's Dictionary of English Usage* 677 (1989). The State argues that the effort to mentally concoct a nine-digit number is no different than the effort exerted by a person who dives into a dumpster to scavenge a document containing another's social security number. We disagree. The contrasts between the two are quite stark. Merely thinking a thought, as Defendant did, is very different from purchasing, reading, looking for, stealing, digging up, or foraging for something.

¶14    Generating thoughts or ideas in one's own mind is not the same or even analogous to the type of planned action or effort contemplated by the plain meaning of "obtain," and our jurisprudence prohibits us from reading substantive terms into a statute that are not already there. *See Associated Gen. Contractors v. Board of Oil, Gas & Mining*, 2001 UT 112, ¶ 30, 38 P.3d 291 ("[W]e will not 'infer substantive terms into the text that are not already there. Rather, the interpretation must be based on the language used, and [we have] no power to rewrite the statute to conform to an intention not expressed.'") (second alteration in original) (quoting *Berrett v. Purser & Edwards*, 876 P.2d 367, 370 (Utah 1994)). Instead, we must assume that each word of the statute was used purposefully by the Legislature, *see Platts v. Parents Helping Parents*, 947 P.2d 658, 662 (Utah 1997), and if the Legislature intended to proscribe everything from stealing,

dumpster diving, and eavesdropping to hypothesizing, inventing, and mentally fabricating, then it certainly could have so indicated in the text of the statute.[4]

¶15  The planned action or effort contemplated by the plain meaning of "obtain" must be related to an external source. That external source could be any number of things—i.e., another person, a document, a television or radio program, music, etc.—but it cannot logically be a person's internal thought processes. Thoughts, ideas, or information generated within a person's own mind are not, in common parlance, "obtained" by the thinker because they do not come to the thinker from any separate or distinct source. For example, the author of a novel would not say that the idea for the novel's plot was "obtained" if there was not some kind of external motivation or

---

[4]This statute has undergone several iterations and revisions. *See* Utah Laws 2000, ch. 57, § 5, eff. May 1, 2000 (enacting the identity fraud statute and including the word "obtains"); Utah Code Ann. § 76-6-1102 (LexisNexis 2003) (deleting "without the authorization of that person" from subpart (2)(a) but leaving the word "obtains"); Utah Code Ann. § 76-6-1102 (LexisNexis Supp. 2006) (deleting "knowingly or intentionally" from subpart (2), leaving "obtains" in subpart (2)(a), and adding subpart (2)(b)). Despite the many revisions to subpart (2)—including a change to the requisite mental state—the Legislature has not revisited or supplemented "obtains" subsequent to the statute's enactment. *Compare* Utah Laws 2000, ch. 57, § 5, eff. May 1, 2000 (including the word "obtains" in the original version of the statute), *with* Utah Code Ann. § 76-6-1102 (LexisNexis 2012) (incorporating all of the past revisions but still including "obtains").

When meaning to be expansive, our Legislature does not hesitate to string several words together to make its intent crystal clear. *See, e.g.*, Utah Code Ann. § 76-6-1003 (LexisNexis 2012) (stating that mail theft is committed if a person "takes, destroys, hides, or embezzles mail"); *id.* § 76-6-702 (defining "access" under the Computer Crimes Act as "directly or indirectly use, attempt to use, instruct, communicate with, cause input to, cause output from, or otherwise make use of any resources of a computer, computer system, computer network, or any means of communication with any of them"); *id.* § 76-6-602 (describing the various methods of committing retail theft as "[t]akes possession of, conceals, carries away, transfers or causes to be carried away or transferred"). Over the several iterations of the identity fraud statute, nothing has been added to supplement or expand upon the word "obtains." *See id.* § 76-6-1102. Accordingly, we can only assume that the Legislature intended to restrict the conduct proscribed to the plain meaning of "obtains" and nothing more.

inspiration. On the contrary, if the novel's plot was solely the product of the author's creative genius, it would be most bizarre and rather misleading for the author to go about telling others that he or she had "obtained" an idea for a new book. Such a statement would naturally lead one to believe that the author had either purchased an idea or received it from an outside source. At no point would the listener assume that the author had "obtained" the idea merely from within the confines of his or her own head. The same holds true for a person who mentally concocts a nine-digit number. No reasonable person would say that such a person had "obtained" a number that he had simply made up.

¶16     The State suggests that limiting the meaning of "obtain" to external sources would produce the absurd result of punishing the purchaser or stealer of mentally fabricated information but not the fabricator himself, which would effectively render meaningless "the purposes of the legislature in ruling out ignorance that the personal identifying information belongs to another as a defense." *See* Utah Code Ann. § 76-6-1102(2)(b) (LexisNexis 2012) ("It is not a defense to [identity fraud] that the person did not know that the personal information belonged to another person.").[5] That suggestion, however, ignores the distinct differences between a purchaser and a creator of information, namely the inconsistent methods by which the two come to possess the information. It also encourages us, once more, to stretch "obtain" well beyond its plain meaning and ordinary usage in order to reach every conceivable possessor of personal identifying information. Again, if the Legislature intended the identity fraud statute to

---

[5]The State asserts that the Legislature's 2006 amendment to the "obtaining" element's required mental state and addition of subpart (2)(b) necessarily means that a person can "recklessly obtain a number belonging to someone else by making it up." Neither subpart (2)(a) nor (2)(b) of the statute, however, provides any indication that "obtains" is intended to include conduct falling well outside of its plain meaning. *See* Utah Code Ann. § 76-6-1102(2)(a)–(2)(b). Absent some legislative indication to the contrary, nothing is "obtained," recklessly or otherwise, if a person merely makes something up in his own mind.

Given the plain meaning of "obtain," subpart (2)(b) is likely aimed at the purchaser of another's personal identifying information who receives assurances from the seller that the information does not actually belong to anyone. In that instance, the person would clearly have "obtained" the information and, under (2)(b), would not be able to claim ignorance as a defense.

encompass each and every form of acquiring information, including mental fabrication, then it could easily have structured the statute to reflect that intention.[6]

¶17    In concluding that Defendant did not "obtain" the social security number that he used for employment purposes, we most certainly do not condone his conduct or even suggest that he did not commit a crime. *See, e.g.*, 42 U.S.C.A. § 408(a)(7)(B) (Thomson Reuters 2011) ("Whoever . . . for the purpose of obtaining anything of value from any person . . . with intent to deceive, falsely represents a number to be the social security number assigned by the Commissioner of Social Security to him or to another person, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him or to such other person . . . shall be guilty of a felony[.]"). Be that as it may, Defendant did not commit identity fraud under Utah law. And because Defendant's conduct is not proscribed by the identity fraud statute, we need not address his constitutional vagueness challenge.

## II. Insufficient Evidence

¶18    In light of our holding on the plain meaning of "obtains," we conclude that Defendant's conviction for identity fraud is certainly "against the clear weight of the evidence." *See State v. Gordon*, 2004 UT 2, ¶ 5, 84 P.3d 1167 (citations and internal quotation marks omitted). No evidence was introduced at trial to indicate that Defendant did anything but invent and then use a number that coincidentally turned out to be another person's social security number. There is also no record evidence showing that Defendant acquired the number from anywhere other than his own imagination. Therefore, the State failed to prove that Defendant "obtain[ed]" the personal identifying information of another, *see* Utah Code Ann. § 76-6-1102(2)(a), and in turn failed to present sufficient evidence to support Defendant's conviction.

---

[6]It might be challenging to redesign the statute in such a way that it does not just criminalize bad luck. The State does not suggest that if Defendant's made-up number did not coincidentally match that of a real person, that he could still be prosecuted under this statute. And this result is obvious given the statute's reference to the "personal identifying information of another." *See id.* § 76-6-1102(2)(a)(i).

## CONCLUSION

¶19    The plain meaning of "obtains" necessarily involves some planned action or effort related to an external source. Defendant did not "obtain" another's social security number when he mentally fabricated a nine-digit number that coincidentally matched a social security number that belonged to someone else. Consequently, there is insufficient evidence to support his conviction for identity fraud. We reverse Defendant's conviction and vacate his resulting sentence.

_____
Gregory K. Orme, Judge

-----

¶20    I CONCUR:

_____
Carolyn B. McHugh, Judge

-----

¶21    I CONCUR IN THE RESULT:

_____
Michele M. Christiansen, Judge