2013 UT App 262

# THE UTAH COURT OF APPEALS

DAVID OLSEN, ROSEMARY OLSEN, DIANNE NEWLAND,
WILLIAM NEWLAND, AND RICK MARGOLIS,
Plaintiffs and Appellants,

*v.*

PARK CITY MUNICIPAL CORPORATION,
Defendant and Appellee.

Opinion
No. 20120490-CA
Filed November 7, 2013

Third District Court, Silver Summit Department
The Honorable Keith A. Kelly
No. 110500786

Bruce R. Baird, Attorney for Appellants
Mark D. Harrington and Polly Samuels-McLean,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGE J. FREDERIC VOROS JR. and SENIOR JUDGE
RUSSELL W. BENCH concurred.[1]

ORME, Judge:

¶1      David and Rosemary Olsen, Dianne and William Newland, and Rick Margolis (collectively, Landowners) appeal from a district court order dismissing their complaint as untimely under section 10-9a-801 of the Utah Code. We reverse and remand for consideration of the merits of Landowners' complaint.

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11-201(6).

BACKGROUND

¶2    Landowners seek to challenge the adoption of Park City Ordinance 10-08 (the Ordinance). The Ordinance approved the creation of a subdivision and combined three separate properties into a single lot. Landowners claim that this combining of parcels adversely affects their property interests, and they have opposed the Ordinance since it was first proposed.

¶3    On February 25, 2010, the Park City Council passed the Ordinance after a public hearing. The Ordinance was subsequently signed by the mayor, attested by the city recorder, and approved as to form by the city attorney. The Ordinance stated that it "shall take effect upon publication," and it was published on March 3, 2010.

¶4    On March 31, 2010, Landowners filed a complaint in the district court challenging the Ordinance. However, Landowners did not serve the complaint on Park City Municipal Corporation (the City) until December 8, 2010. The district court dismissed Landowners' complaint without prejudice on July 12, 2011, for failure to timely serve process under rule 4 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 4(b). Pursuant to the Savings Statute, *see* Utah Code Ann. § 78B-2-111(1) (LexisNexis 2012),[2] Landowners filed a new complaint on October 13, 2011, again challenging the adoption of the Ordinance. The City responded to the new complaint by filing a motion to dismiss.

¶5    The district court granted the City's motion to dismiss. It held that the Savings Statute only provides the right to commence a new action if the original action was "timely filed." *See id*. The court concluded that the Landowners' original complaint was not

---

2. Because the provisions in effect at the relevant time do not differ in any way material to our analysis from the statutory provisions now in effect, we cite the current version of the Utah Code as a convenience to the reader.

timely filed under the Municipal Land Use, Development, and Management Act (MLUDMA). *See id.* § 10-9a-801(5) ("[A] challenge to the enactment of a land use ordinance or general plan may not be filed with the district court more than 30 days after the enactment."). The district court held that the term "enactment" as it appears in subsection 801(5) of MLUDMA "is not ambiguous and refers to the date the Ordinance was passed and adopted by the City Council." Because Landowners filed their original complaint more than thirty days after the City Council's passage of the Ordinance, the district court dismissed their complaint as untimely filed. Landowners now appeal.

## ISSUE AND STANDARD OF REVIEW

¶6 Landowners challenge the district court's interpretation of MLUDMA's filing requirements. "A challenge to statutory construction raises a question of law that we review for correctness," affording the district court no deference. *See Stampin' Up, Inc. v. Labor Comm'n*, 2011 UT App 147, ¶ 7, 256 P.3d 250.

## ANALYSIS

¶7 MLUDMA establishes the time allowed to file challenges to local land use decisions in district court. *See* Utah Code Ann. § 10-9a-801 (LexisNexis 2012). Specifically, subsection 801(5) of MLUDMA indicates that "a challenge to the enactment of a land use ordinance or general plan may not be filed with the district court more than 30 days after the *enactment*." *Id.* § 10-9a-801(5) (emphasis added).[3] Landowners contend that "the Park City

---

3. While Landowners argue that we should apply other provisions of MLUDMA dealing with "land use *application*[s]," *see* Utah Code Ann. § 10-9a-801(2)(a), (4) (LexisNexis 2012) (emphasis added), we interpret only subsection 801(5), which applies to "land use

(continued...)

Council's single act of passage of the Ordinance was not 'enactment,'" so that the thirty-day limitations period "did not begin to run until the Ordinance became final and effective by its own terms." We agree.

¶8    "We interpret a statute according to its plain language." *Stampin' Up, Inc. v. Labor Comm'n*, 2011 UT App 147, ¶ 7, 256 P.3d 250. *See Florida Asset Fin. Corp. v. Utah Labor Comm'n*, 2006 UT 58, ¶ 9, 147 P.3d 1189 ("Under our established rules of statutory construction, we look first to the plain meaning of the pertinent language in interpreting [a statute]; only if the language is ambiguous do we consider other sources for its meaning."). When construing a statute, we presume "that the words and phrases used were chosen carefully and advisedly," *Amax Magnesium Corp. v. Utah State Tax Comm'n*, 796 P.2d 1256, 1258 (Utah 1990), and "we seek to avoid an interpretation that leads to absurd results," *State v. Rincon*, 2012 UT App 372, ¶ 10, 293 P.3d 1142.

¶9    The definition of "enactment" is "the act or action of enacting: passing." *Webster's Third New International Dictionary* 745 (1993). Although "pass" can be regarded as a synonym of "enact," in actuality to "pass" means to "secure the allowance or approval of a legislature or other body that has power to sanction or reject a bill or proposal," *id.* at 1649, while to "enact" means "to establish by legal and authoritative act: make into law; [especially] to perform the last act of legislation upon (a bill) that gives the validity of law," *id.* at 745. Thus, while "passage" is an important

---

3. (...continued)

*ordinance*[*s*]," *see id.* § 10-9a-801(5) (emphasis added), for two reasons. First, the Ordinance was labeled "Ordinance No. 10-08" and entitled, "An Ordinance Approving the 1440 Empire Avenue Subdivision Located at 1440 Empire Avenue, Park City, Utah." Second, MLUDMA defines a "land use ordinance" as "a planning, zoning, development, or *subdivision ordinance* of the municipality." *Id.* § 10-9a-103(24) (LexisNexis Supp. 2013) (emphasis added).

step in "enactment," passage alone was not enough in this case to give the Ordinance "the validity of law." *See id.*

¶10    Based on a plain reading of the statute, in conjunction with a plain reading of the Ordinance, we conclude that in this case publication is the required final step in the enactment of the Ordinance. Indeed, the Ordinance expressly stated that it would "take effect upon publication." Thus, while passage by the city council was a necessary and pivotal step in the enactment of the Ordinance, it was not the final step that made the Ordinance effective and enforceable as law. After passage of the Ordinance by the City Council, there were still a number of necessary conditions before the Ordinance would become effective: signature by the mayor, attestation by the city recorder, approval as to form by the city attorney, and publication. In fact, had the Ordinance never been published, it would never have come into effect and never would have had the force of law. It is illogical to think of an ordinance that has been passed, but has never become enforceable, as having been enacted. Because Landowners filed their original complaint within thirty days of the March 3, 2010 publication of the Ordinance, the last step necessary for its enactment, we conclude that their complaint was timely filed.[4]

---

4. In light of our holding that Landowners' original complaint was timely filed, we also necessarily reverse the district court's determination that Landowners are barred from commencing a new action under the Savings Statute. *See* Utah Code Ann. § 78B-2-111 (LexisNexis 2012). The Savings Statute allows a plaintiff to commence a new action within one year if (1) the original action was timely filed, (2) "the judgment for the plaintiff is reversed, or if the plaintiff fails in the action or upon a cause of action otherwise than upon the merits," and (3) the statute of limitations has expired. *Id.* § 78B-2-111(1). We conclude that these requirements are met and that Landowners' challenge to the Ordinance is properly before the district court.

¶11    The Utah Supreme Court recently reached an analogous conclusion in *Perez v. South Jordan City*, 2013 UT 1, 296 P.3d 715. In *Perez*, the petitioner sought to challenge a municipal appeal board's decision. *Id.* ¶ 1. The Utah Municipal Code required that a petition for review "be filed 'within 30 days after the *issuance* of the final action or order of the appeal board.'" *Id.* ¶ 10 (emphasis added) (quoting Utah Code § 10-3-1106(6)(a),(b)). The key question in *Perez*, as here, was what action triggered the thirty-day limitations period. *See id.* On appeal, this court determined that the appeal board's order was "issued" as of the date "on its face." *Perez v. South Jordan City,* 2011 UT App 430, ¶ 4, 288 P.3d 877 (citation and internal quotation marks omitted). But the Utah Supreme Court reversed, concluding that "issuance" was not complete until the city recorder had certified the order as required by statute. *Perez*, 2013 UT 1, ¶¶ 8, 11 (noting that the municipal code required a decision of the municipal appeal board to be certified to the city recorder before it could be final).

¶12    In reaching that conclusion, the Supreme Court looked to "rules and cases governing analogous procedures in other contexts." *Id.* ¶ 11. For example, the Court considered the requirement that district court judgments be "'signed and filed'" with the court clerk before they are final and appealable. *Id.* ¶ 12 (quoting Utah R. Civ. P. 58A(c)). In drawing this analogy, the Court noted:

> This rule advances the core policies of certainty and clarity by designating a clear date—filing with the clerk—that starts the appeal clock running. It also assures dissemination to the public—by requiring the clerk to immediately record the judgment on the public register.

*Id.* Likewise, in construing the word "enactment" in terms of finality and notice to the public, we adhere to these core policies and emphasize the need for uniform, easy-to-follow guidelines in the context of limitations periods. *Perez* created a sound template for such uniform guidelines in holding that time standards for

appeals must include both (1) "a clearly marked trigger date for the appeal period" and (2) "a mechanism for issuance of the decision to the public." *Id.* ¶ 26. Our holding today meets these guidelines in guaranteeing, through the Ordinance's publication, both a clearly marked trigger date and recognition of the importance of the City's own chosen mechanism for giving notice to the public.[5]

CONCLUSION

¶13 The plain meaning of the term "enactment" encompasses all necessary steps to give an ordinance the validity of law, i.e., to enact it into law. The Ordinance was not enacted until, by the terms of the procedures adopted by the City, it was passed by the city council, signed by the mayor, attested by the city recorder, approved as to form by the city attorney, and published. Consequently, Landowners' original complaint filed in the district court was timely. Accordingly, we reverse the district court's ruling to the contrary and remand for consideration of the merits of Landowners' challenge to the Ordinance.

———————

5. We view as much less compelling the City's reliance on another Utah Supreme Court case, *Bissland v. Bankhead*, 2007 UT 86, 171 P.3d 430. In *Bissland*, the Court interpreted the term "passage." *Id.* ¶¶ 8–10. The Court recognized "the commonly understood meaning of passage as the event at which a legislative body conducts a vote favorable to a piece of proposed legislation." *Id.* ¶ 9. Because *Perez v. South Jordan City*, 2013 UT 1, 296 P.3d 715, was issued more recently than *Bissland* and because we have already identified "passage" as merely one step in "enactment," we see no need to dwell further on *Bissland*.