**UNITED STATES of America**

v.

**Edward Elmer SOLLY et al.**

**Appeal of Charles J. SMITH.**

**Nos. 75–2236, 75–2410.**

United States Court of Appeals, Third Circuit.

Submitted on briefs Sept. 14, 1976.

Decided Dec. 9, 1976.

As Amended Dec. 29, 1976.

Charles J. Smith, pro se.

Judith M. Mears, Supervising Atty., Yale Legal Services Organization, New Haven, Conn., for appellant, Charles J. Smith; Joseph S. Genova, Yale Law School, Class of 1977, on brief.

Jonathan L. Goldstein, U.S. Atty., Maryanne T. Desmond, John J. Barry, Asst. U.S. Attys., Newark, N.J., for appellee, United States of America.

Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

We are here concerned with separate appeals by the same party (Smith). In No. 2236, Smith appeals out of time from an order of the district court denying his Rule 35 motion for reduction of sentence. In No. 2410, he appeals from the denial of his motion, pursuant to Fed.R.App.P. 4(b), for an extension of time within which to file his appeal in No. 2236. The district court's

docket sheets show that Smith was again untimely, however, in filing his appeal in No. 2410. Thus, this Court cannot assume jurisdiction over No. 2410 unless it is first appropriately determined that the notice in No. 2410 was in fact timely filed, or that there was excusable neglect in filing such notice out of time.

On August 15, 1975, Smith, an inmate at the Federal Correctional Institution at Danbury, Connecticut (Danbury), filed in the New Jersey District Court a timely Rule 35 motion for reduction of sentence. Although Smith was proceeding *pro se*, he was assisted by a law student, Mr. Genova, participating in the Yale Legal Services Organization. From affidavits filed for the first time in this Court by Smith and Genova, it appears that the following events transpired.

On September 26, 1975, an order was entered denying the motion to reduce the sentence. The notification of the order was sent to Smith and Genova in Danbury. Smith had been temporarily transferred to a New Jersey prison to enable him to stand trial there on unrelated criminal charges, however, and his mail was not forwarded to him in New Jersey. Moreover, Genova's attempts to reach Smith in New Jersey to apprise him of his appeal rights were unsuccessful.

Smith was returned to Danbury on October 6 and first learned at that time that his Rule 35 motion had been denied. On October 10, Smith was informed of his appeal right by Genova and signed a notice of appeal which was sent to the district court on October 13 or 14 and filed on October 17—which was 11 days out of time.

During the time that Genova could not reach Smith in New Jersey, Genova arranged to have a New Jersey attorney, who was then representing Smith on the state charges, file a motion under Fed.R.App.P. 4(b) for extension of time within which to appeal denial of the Rule 35 motion on the basis of excusable neglect. This motion was filed on October 7. The motion for extension, which was necessarily prepared

without having contacted Smith, stated as the basis for excusable neglect only that "By reason of his being in New Jersey, the defendant has not had sufficient opportunity to consider the decision of the Court, or the reasons therefor."

An order denying the motion was entered on October 21 and a copy sent to the New Jersey attorney who mailed it to Genova in Danbury on October 24. Genova received the order on October 27 and met with Smith on October 29, obtaining his signature on a notice of appeal. Although the notice was mailed the same day, the notation of its filing was first listed on the district court's docket sheet for November 5, 1975 which was five days out of time. Ordinarily we would assume that the notation would have been entered on the day it was received. Doubt is cast upon this assumption by information contained in appellant's supplemental brief and appendix which was filed at our direction after we noticed the untimeliness on the record of the appeal in No. 2410. Appellant has attached as an exhibit to his supplemental brief a photocopy of a return receipt for certified mail which shows that something was mailed by Genova to the district court on October 29, and received by E. K. Thomson in the district court on October 31—the 10th day after the order was entered.

We address the jurisdictional issues created by this tangled factual setting.

The first issue we confront, assuming the notice was timely received in the clerk's office, is whether it is considered filed when it is received in the district court or only when it is noted as "filed" in the docket sheets. Fed.R.App.P. 4(b), which governs the time for filing an appeal in criminal cases, does not define what constitutes a "filing." We think, however, that it must be construed to mean that the date of receipt by the clerk's office controls, rather than the date it is filed by the clerk's personnel. Otherwise, the timeliness of the filing would be under the control of the personnel of the clerk's office rather than the appellant. To state the possibility is to reject this construction of the Rule.

Furthermore, this construction is supported by the language of several of the rules which refer to filing. Fed.R.Crim.P. 49(d) provides that "[p]apers shall be filed in the same manner provided in civil actions," and F.R.Civ.P. 5(e) implies that filing is complete when the paper filed is received by the clerk's office or a judge. Fed.R.App.P. 25(a) clearly equates filing with receipt in the clerk's office or by a judge. Although 25(a) is applicable only to papers filed in a court of appeals, we see no reason why Fed.R.Civ.P. 5(e) should be construed to require a different rule for papers filed in the district court.

■ We therefore hold that whenever a notice of appeal is filed in a district court, it is filed as of the time it is actually received in the clerk's office even though it is designated as filed by the clerk's office at a later date. *Da'Ville v. Wise,* 470 F.2d 1364 (5th Cir.) (per curiam), *cert. denied,* 414 U.S. 818, 94 S.Ct. 40, 38 L.Ed.2d 50 (1973). Since the record does not show that notice was received in the clerk's office on October 31, we will remand to the district court to make that factual determination.

■ Appellant also contends that even if the district court did not receive the notice until after October 31, the appeal is timely because the 10-day period does not begin to run until the appellant actually receives notice of the judgment or order. We disagree. *United States v. Deans,* 436 F.2d 596 (3d Cir. 1971), on which appellant relies is inapposite. *Deans* held that since Fed.R. Crim.P. 32(a)(2) requires that the defendant be informed by the court of his right to appeal, the time for appeal does not begin to run until the defendant is so advised. No similar provision is applicable here. Moreover, the Advisory Committee's Note to Fed.R.App.P. 4(b) makes clear that the extension of time for excusable neglect provided by 4(b) was designed primarily to meet this situation.

If the district court decides the issue of the timeliness of the notice of appeal adversely to appellant, he may also make a motion to validate *nunc pro tunc* the filing

of the appeal on November 5, 1975 pursuant to 4(b). Appellant contends that he did not learn of the order denying his motion in No. 2410 until October 29 and signed a notice of appeal the same day. Moreover, he did not seek an extension within 30 days because he claims that the district court failed to notify him or his legal aid assistant of the filing of the notice as it is required to do by Fed.R.App.P. 3(d).[1] We leave for determination by the district court whether it has power under these circumstances, if proved, to validate *nunc pro tunc* the November 5 filing. *Cf. Torockio v. Chamberlain Manufacturing Co.*, 456 F.2d 1084 (3d Cir. 1972) (in banc).

These two appeals will remain on the docket of this court to afford the appellant a reasonable time to seek a determination in the district court as to whether the notice of appeal in No. 2410 was in fact timely filed or alternatively whether the notice of appeal should be validated *nunc pro tunc* on the ground of excusable neglect.