NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1315
_____

IN RE:  SYNTAX-BRILLIAN CORPORATION, ET AL.,
Debtors

AHMED AMR,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:13-cv-00337)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2015

Before: FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 26, 2015)
_____

OPINION*
_____

PER CURIAM

 Ahmed Amr appeals from an order of the United States District Court for the

District of Delaware dismissing his appeal from an order of the United States Bankruptcy

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the District of Delaware. For the following reasons, we will vacate the District Court's order and remand for further proceedings.

Syntax Brillian Corporation ("SBC") was a public company engaged in the manufacture and distribution of high-definition televisions under the "Olevia" brand name. In July 2008, SBC filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court"). (See Bankr. D. Del. No. 08–11407.) SBC sought the Bankruptcy Court's approval of a proposed sale of SBC's assets. They were represented in those proceedings by Greenberg Taurig, LLP ("GT"). Nancy A. Mitchell ("Attorney Mitchell") handled the case primarily.

Ahmed Amr ("Amr"), an individual, was an investor and shareholder in SBC. Shortly after SBC filed its bankruptcy petition, Amr filed a motion in the Bankruptcy Court opposing the sale of SBC's assets on grounds that SBC's management and business partners had engaged in fraud and misconduct. Over Amr's objections, the Bankruptcy Court allowed the sale to proceed. On July 6, 2009, the Bankruptcy Court entered an "Order Confirming Debtors' Second Amended Chapter 11 Liquidating Plan, as Modified." The Plan became effective on July 7, 2009.

On December 20, 2011, over two years after GT ceased performing in its role as counsel to SBC, Amr filed in the Bankruptcy Court a motion for sanctions against GT and Attorney Mitchell. He also filed a motion to compel the release of certain documents. On March 2, 2012, the Bankruptcy Court denied both motions. Amr then proceeded to file a series of motions for reconsideration or amendment of those orders.

On January 14, 2013, the Bankruptcy Court entered an order denying Amr's first, second, and third motions to alter or amend.[1]

Amr appealed from that decision to the United States District Court for the District of Delaware ("the District Court"). GT and Attorney Mitchell filed a joint motion to dismiss the appeal as untimely under Rule 8002 of the Federal Rules of Bankruptcy Procedure. On January 12, 2015, the District Court entered an order granting the motion to dismiss. This appeal followed.[2]

Appeals from the Bankruptcy Court must be brought "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Rule 8002 gives persons aggrieved by a bankruptcy order fourteen days to file a notice of appeal with the Clerk of the Bankruptcy Court. See Fed. R. Bankr. P. 8002(a). This requirement is jurisdictional. See In re Caterbone, 640 F.3d 108, 113 (3d Cir. 2011).

The Bankruptcy Court entered its order denying Amr's motions for reconsideration on January 14, 2013. Thus, Amr had until January 28, 2013 to file his appeal of that decision. GT and Attorney Mitchell argued in their motion to dismiss that Amr's appeal was untimely because it had been filed one day late—on January 29, 2013. They pointed to the fact that the notice had been stamped by the Clerk on January 29,

---

[1] Amr filed a fourth such motion which the Bankruptcy Court also denied, but he did not appeal that ruling to the District Court.

[2] We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we exercise plenary review over the District Court's ruling. See Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 353 (3d Cir. 2002).

3

2013, and that the Bankruptcy Court's docket reflected the same.[3]  Amr countered that his appeal was, in fact, timely.  Presenting a United States Postal Service tracking sheet, Amr argued that his appeal had been timely received by the Bankruptcy Court (on January 28th at 11:42 a.m.), but that it was incorrectly docketed late.  The District Court granted the motion to dismiss over Amr's objections but did not specifically address Amr's argument that the Clerk had erred in docketing his appeal.

In most circumstances, the date stamped on the notice of appeal will be the date of filing.  However, Amr has offered credible evidence showing that his notice was actually received into the custody of the Bankruptcy Clerk on January 28, 2013, one day before it was stamped as filed.  Cf. City of Chicago v. U.S. Dep't of Labor, 737 F.2d 1466, 1471 (7th Cir. 1984) ("It is well settled that a notice of appeal or a petition for review is filed once the Court of Appeals receives actual custody of the document.").[4]  We have previously observed that the date stamped on the notice of appeal by a court clerk is not always conclusive of the date of filing.  See, e.g., United States v. Solly, 545 F.2d 874,

---

[3] GT and Attorney Mitchell further argued that Amr's notice of appeal was not properly filed in any event because he mailed it to the Bankruptcy Court rather than filing it electronically, as is required under Local Bankruptcy Rule 5005-4.  We have reviewed that Rule, however, and determine that it does not appear that electronic filing is the exclusive means for filing documents in the Bankruptcy Court—particularly for those pro se litigants who (like Amr) are not registered users of CM/ECF.  Moreover, the Bankruptcy Court has accepted numerous filings from Amr via mail, including his original motion for sanctions and his various motions for reconsideration.

[4] GT and Attorney Mitchell have not argued that the document that was delivered to the Bankruptcy Court on January 28, 2013, was, or could have been, something other than Amr's notice of appeal.

4

876 (3d Cir. 1976) (construing Federal Rule of Appellate Procedure 4). In Solly, the defendant claimed that the clerk's office received his notice of appeal on the last day for filing, by certified mail, but that it was not entered on the docket until five days later. Id. We determined that "whenever a notice of appeal is filed in a district court, it is filed as of the time it is actually received in the clerk's office even though it is designated as filed by the clerk's office at a later date." Id. If we held otherwise, "the timeliness of the filing would be under the control of the personnel of the clerk's office rather than the appellant." Id.

Given that, and in light of Amr's documentary evidence, we conclude that his notice of appeal was timely received by the Bankruptcy Court, and thus timely filed under Rule 8002(a).

Accordingly, we will vacate the District Court's dismissal order and remand this matter for further proceedings consistent with this opinion.[5] We express no opinion as to the merits of Amr's appeal from the Bankruptcy Court's order.[6]

---

[5] GT's and Attorney Mitchell's joint motion to file a supplemental appendix is granted. Amr's motion to supplement the record is denied. His proffered exhibits are either already part of the record or not relevant to the issue on appeal.

[6] The motions to intervene which have been filed in this case are denied. Movants have not satisfied the high threshold for intervening for the first time on appeal. In re Grand Jury Investigation Into Possible Violations of Title 18, U.S. Code, Sections 201, 371, 1962, 1952, 1951, 1503, 1343 and 1341 "A", 587 F.2d 598, 601 (3d Cir. 1978).