**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4343
_____

IN RE:  SYNTAX-BRILLIAN CORPORATION, ET AL., Debtors

AHMED AMR,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:13-cv-00337)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2017
Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Ahmed Amr appeals from the order of the District Court denying his motion for

the District Judge's recusal and affirming the Bankruptcy Court's order declining to

reconsider the matters addressed herein.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

This appeal arises from the Chapter 11 bankruptcy proceeding of Syntax Brillian Corporation ("SBC"). We have summarized the background of that proceeding before, see In re Syntax-Brillian Corp., 610 F. App'x 132 (3d Cir. 2015) (per curiam); SB Liquidation Trust v. Preferred Bank (In re Syntax-Brillian Corp.), 573 F. App'x 154 (3d Cir. 2014), and we need not do so at length here because the parties are familiar with it.

Amr was a shareholder in SBC who actively participated in but ultimately opposed SBC's bankruptcy. He continues to attempt to undo it long after the Bankruptcy Court confirmed SBC's Chapter 11 plan (without appeal) in 2009. In 2012, Amr filed with the Bankruptcy Court motions directed to SBC's former bankruptcy counsel, Nancy A. Mitchell and Greenberg Traurig LLP. In particular, he requested an order (1) sanctioning former counsel for alleged fraud on the Bankruptcy Court, and (2) requiring them to produce certain meeting minutes that he argued would support his request for sanctions. The Bankruptcy Court held a hearing and then denied those motions by orders entered March 2, 2012. (Bankr. ECF Nos. 1996 & 1997.) Amr filed a timely motion for reconsideration of those orders, and the Bankruptcy Court denied it on December 7, 2012. (Bankr. ECF No. 2107.) Amr filed several motions for reconsideration of that order as well, and the Bankruptcy Court denied them on January 14, 2013.

Amr then appealed to the District Court and challenged the Bankruptcy Court's December 7 denial of reconsideration. The District Court dismissed his appeal as untimely, but we concluded that his appeal was timely and we remanded for further proceedings. See In re Syntax-Brillian Corp., 610 F. App'x at 135. On remand, Amr and

2

a number of other litigants[1] filed numerous motions in the District Court, which denied

them. Amr responded to that ruling by filing a motion asking the District Judge to recuse

himself. On December 9, 2016, the District Court entered an order (1) denying the

recusal motion and (2) affirming the Bankruptcy Court's December 7 denial of

reconsideration. Amr appeals.

II.

We begin by addressing our jurisdiction and the scope and standard of our review.

Amr asserts that the Bankruptcy Court lacked subject matter jurisdiction over SBC's

Chapter 11 proceeding in its entirety because SBC's insolvency resulted from fraud. If

Amr were correct, of course, then the Bankruptcy Court would have lacked jurisdiction to

award him the very relief that he sought in his motions for sanctions and meeting

minutes. Nevertheless, we must satisfy ourselves that both the Bankruptcy Court and the

District Court had jurisdiction before proceeding to the merits. See Geruschat v. Ernst

Young LLP (In re Seven Fields Dev. Corp.), 505 F.3d 237, 248 (3d Cir. 2007).

There is no question that the Bankruptcy Court had jurisdiction over SBC's

Chapter 11 proceeding as a whole. See In re Syntax-Brillian Corp., 573 F. App'x at 159

(holding that the Bankruptcy Court had jurisdiction over a related adversary proceeding);

see also In re Seven Fields, 505 F.3d at 240 (noting that the debtor's insolvency resulted

from a "Ponzi-type scheme"). The Bankruptcy Court also had jurisdiction over Amr's

---

[1] Amr refers to these litigants as "a band of pro se litigants [who] stood their ground in defiance of the notoriously corrupt federal judges of the District of Delaware." (Appellant's Br. at 1.) One of these litigants, Frank Waitkus, has filed a brief in support of Amr's position. We have reviewed that brief in reaching our disposition.

3

post-confirmation requests for sanctions and meeting minutes, regardless of whether those requests were "core" proceedings or were merely "related to" the bankruptcy. Cf. In re Seven Fields, 505 F.3d at 257-65 (addressing bankruptcy-related professional malpractice claim).

The Bankruptcy Court's denial of those discrete, post-confirmation requests and its refusal to reconsider its rulings are final orders because those issues have been conclusively resolved. See Century Glove, Inc. v. First Am. Bank of N.Y., 860 F.2d 94, 98-99 (3d Cir. 1988). Thus, the District Court had jurisdiction under 28 U.S.C. § 158(a)(1). And because the District Court's order is final as well, we have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. Our jurisdiction over the Bankruptcy Court is limited (as was the District Court's) to the Bankruptcy Court's December 7 denial of reconsideration and does not extend to the Bankruptcy Court's underlying orders for the reasons explained in the margin.[2]

---

[2] Appeals from the Bankruptcy Court must be taken to the District Court within 14 days, see 28 U.S.C. § 158(c)(2) (incorporating Fed. R. Bank. P. 8002(a)(1)), and that requirement is jurisdictional, see In re Caterbone, 640 F.3d 108, 113 (3d Cir. 2011). The Bankruptcy Court denied Amr's underlying motions on March 2, 2012. Amr filed his motion for reconsideration on March 8, 2012. That motion tolled his time for appealing the underlying orders. See Fed. R. Bankr. P. 8002(b)(1)(B) (referencing Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59(e)). The Bankruptcy Court denied reconsideration on December 7, 2012. Thus, any appeal from the underlying orders was due to be filed by December 21, 2012. Amr did not file an appeal within that time. Instead, he filed several motions for "re-reconsideration" with the Bankruptcy Court. The Bankruptcy Court denied them on January 14, 2013, and Amr filed his appeal with the District Court 14 days thereafter on January 28, 2013. Amr's initial motion for "re-reconsideration" tolled his time for appealing the Bankruptcy Court's December 7 denial of reconsideration, see Fed. R. Bankr. P. 8002(b)(1)(B), but it did not toll his time for appealing the Bankruptcy Court's underlying orders, see Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984). Thus, we lack jurisdiction to review the underlying orders because

4

We review the Bankruptcy Court's denial of reconsideration directly, see Prosser v. Gerber (In re Prosser), 777 F.3d 154, 161 (3d Cir. 2015), and we do so for abuse of discretion, see Long, 670 F.3d at 446 & n.20. We review the District Judge's decision not to recuse himself for abuse of discretion as well. See United States v. Ciavarella, 716 F.3d 705, 717 n.4 (3d Cir. 2013).

III.

Turning to the merits, Amr's brief on appeal contains assertions impugning the integrity of the federal judiciary. Indeed, Amr goes so far as to take issue with our handling of the previous appeal in which we ruled in his favor. In any event, Amr's brief also challenges both aspects of the District Court's order under appeal. His challenges lack merit.

First, Amr challenges the District Court's denial of his motion for recusal. Amr's arguments in this regard consist largely of bare accusations of "treason" and "judicial tyranny." Amr's only specific arguments for the District Judge's recusal are that (1) the District Judge allowed the Bankruptcy Judge who denied reconsideration to "ghostwrite" the District Judge's opinion, and (2) the District Judge's initial dismissal of Amr's appeal was erroneous. The District Judge explained that the Bankruptcy Judge did not "ghostwrite" his opinion, and Amr has raised nothing calling that explanation into question. The District Judge's initial dismissal of Amr's appeal also does not require recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or

Amr's appeal was untimely as to them. See Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012).

5

partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and Amr has raised nothing suggesting that this case is any exception. These points aside, the District Judge acted well within his discretion in denying Amr's recusal motion for the reasons that the District Judge explained.

Second, Amr challenges the Bankruptcy Court's denial of reconsideration on the issues of sanctions and meeting minutes. Amr appears to suggest that the Bankruptcy Court's denial of reconsideration (and its prior orders) are void because the bankruptcy proceeding has since been reassigned to a different Bankruptcy Judge. Reassignment of a case does not void previous rulings. Cf. Fagan v. City of Vineland, 22 F.3d 1283, 1289-90 (3d Cir. 1994) (addressing "law of the case" doctrine).

As for the substance of the Bankruptcy Court's ruling, the Bankruptcy Court denied Amr's motion for sanctions because it concluded that he sought to assert claims that both belonged to SBC's bankruptcy estate and that had been settled. The Bankruptcy Court denied Amr's motion for meeting minutes for the same reasons and also because Amr had previously filed six virtually identical motions, some of which already had resulted in the Bankruptcy Court granting Amr all available relief in that regard. Finally, the Bankruptcy Court denied Amr's motion to reconsider these rulings because Amr did not present any new evidence or new law and did not show the need to correct clear error or prevent manifest injustice. See Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013).

Amr does not raise any specific challenge to any of these rulings or otherwise raise any specific argument that the Bankruptcy Court abused its discretion in denying reconsideration. Nevertheless, having reviewed the record, we are satisfied that the

6

Bankruptcy Court acted well within its discretion for the reasons that both the Bankruptcy Court and the District Court thoroughly explained.

On a final note, Amr closes his brief by requesting numerous forms of relief, including that we "dismiss" SBC's Chapter 11 proceeding, refer various parties to the Department of Justice, and enjoin the Delaware Bankruptcy Court from hearing certain kinds of cases. These requests are denied. Many of them are beyond our appellate jurisdiction as discussed above, and any that are not lack merit.

IV.

For these reasons, we will affirm the judgment of the District Court. To the extent that Amr requests any relief in his filing titled "final notice to Governor Jerry Brown and Senator Kamala Harris to cease and desist," etc., or in any other filing, such relief is denied.