**DLD-062**                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2069
_____

JEAN EMMANUEL RODRIGUEZ,
Appellant

v.

THE STATE OF NEW JERSEY;
THE UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 1:18-cv-14511)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 7, 2021

Before: JORDAN, KRAUSE and PHIPPS, Circuit Judges

(Opinion filed: January 25, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Jean Rodriguez appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's judgment.

In October 2018, Rodriguez filed a complaint in the District Court alleging that his civil rights were violated through a wide-ranging conspiracy by unidentified "Caucasian Identity Extremist[s] in the State of New Jersey." See Compl. at p. 3. He named New Jersey and the United States as the sole defendants. Rodriguez claimed that between 1996 and 2018, various unnamed white police officers in New Jersey made false statements to incarcerate him, helped a business deprive him of "money and service," and "ease[d] the mind[s] of racist citizens." See id. He claimed that extremists "used their control over society" in "schools, banks, restaurants, etc." to "victimize" him. See id. at p. 4. He sought $500 million in damages, expungement of his criminal record and those of others, room and board at a university, a visa for his brother, and the phasing out of laws and executive orders rooted in racism. See id.

After granting Rodriguez's application to proceed in forma pauperis, the District Court, in a lengthy order, screened and dismissed his complaint for failure to state a claim upon which relief can be granted. In doing so, the District Court noted Rodriguez's failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a) (requiring that a claim for relief include "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim

showing that the pleader is entitled to relief"). The District Court gave Rodriguez 20 days to amend his complaint and warned him that his case would be dismissed if he failed to file an amended complaint within that time. Rather than filing an amended complaint, Rodriguez filed a notice of appeal within the time to amend provided by the District Court.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We construe Rodriguez's allegations liberally and exercise plenary review over the District Court's order dismissing Rodriguez's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm a district court's decision "on any basis supported

---

[1] Although Rodriguez's notice of appeal was not placed on the District Court docket until May 2020, it was filed in a different district court on April 3, 2020, 14 days after the District Court issued its order, and subsequently transferred to the District of New Jersey. We note that this administrative docketing delay does not affect the timeliness of Rodriguez's appeal. See LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Mgmt. Comm'n, 866 F.2d 616, 626 (3d Cir. 1989) ("A party who brings an appeal within the prescribed statutory time, but unknowingly does so in the wrong forum, has nonetheless "appealed" within the appropriate limitation period in the sense that notice has been given to the adverse party."); see also United States v. Solly, 545 F.2d 874, 876 (3d Cir. 1976) ("[W]henever a notice of appeal is filed in a district court, it is filed as of the time it is actually received in the clerk's office even though it is designated as filed by the clerk's office at a later date.").

[2] We have ruled that we can exercise appellate jurisdiction over a litigant's appeal from an order dismissing a complaint without prejudice and with leave to amend on the basis that the litigant failed "to move to amend within the [period of time] granted by the court." Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). By failing to file an amended complaint within the time allotted by the District Court and filing a notice of appeal instead, Rodriguez "elected to stand" on his complaint. See id.; see also Hoffman v. Nordic Naturals, Inc., 837 F.3d 272, 279 (3d Cir. 2016); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 31 n.3 (3d Cir. 2011) (per curiam).

by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

As the District Court properly concluded, Rodriguez's sprawling, vague conspiracy claims are not sufficient to state a federal claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citation and quotation marks omitted); see also Fed. R. Civ. P. 8(a). Further, both the United States and New Jersey — the only defendants named by Rodriguez — are protected from suit by sovereign immunity absent an explicit waiver, which has not been identified here. See FDIC v. Meyer, 510 U.S. 471, 475 (1994); Allen v. N.J. State Police, 974 F.3d 497, 505 (3d Cir. 2020).

For these reasons, we will summarily affirm the District Court's judgment.