**DLD-063**          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2068
_____

JEAN EMMANUEL RODRIGUEZ,
Appellant

v.

WAWA INC; BRANDON DOE; PATRICIA WARREN; GABRIELLE B.;
ERIN P. LOUCKS; MIKE RAINEY; JANE DOE; JANETT DOE;
SOMERS POINT POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 1:18-cv-13586)
District Judge: Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 7, 2021

Before: JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 26, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Jean Rodriguez appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's judgment.

In September 2018, Rodriguez filed a complaint in the District Court pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by Wawa, Inc., Wawa employees, and the Somers Point Police Department. Rodriguez claimed that in March 2015, Wawa employees denied him service based on his race, stopped carrying a product that he bought, and conspired with the Somers Point Police Department to convict him of robbery. He sought $30 million in damages.

After granting Rodriguez's application to proceed in forma pauperis, the District Court, in a lengthy order, screened and dismissed his complaint for failure to state a claim upon which relief can be granted. The District Court gave Rodriguez 20 days to amend his complaint but warned him that if he failed to file an amended complaint within 20 days, his case would be dismissed. Rather than filing an amended complaint, Rodriguez filed a notice of appeal within the time to amend provided by the District Court.[1]

---

[1] Although Rodriguez's notice of appeal was not placed on the District Court docket until May 2020, it was filed in a different district court on April 7, 2020, 15 days after the District Court issued its order, and subsequently transferred to the District of New Jersey. We note that this administrative docketing delay does not affect the timeliness of Rodriguez's appeal. See LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Mgmt. Comm'n, 866 F.2d 616, 626 (3d Cir. 1989) ("A party who brings an appeal within the prescribed statutory time, but unknowingly does so in the wrong forum, has nonetheless "appealed" within the appropriate limitation period in the sense that notice

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2]  We construe

Rodriguez's allegations liberally and exercise plenary review over the District Court's

order dismissing Rodriguez's complaint.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d

Cir. 2000).  We may summarily affirm a district court's decision "on any basis supported

by the record" if the appeal fails to present a substantial question.  See Murray v.

Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

As the District Court correctly concluded, a municipal police department is not a

"person" for purposes of § 1983.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694

(1978).  Further, Rodriguez has not made allegations to suggest that Wawa or its

employees are state actors for purposes of § 1983.  See Benn v. Universal Health Sys.,

has been given to the adverse party."); see also United States v. Solly, 545 F.2d 874, 876
(3d Cir. 1976) ("[W]henever a notice of appeal is filed in a district court, it is filed as of
the time it is actually received in the clerk's office even though it is designated as filed by
the clerk's office at a later date.").

[2]  We have ruled that we can exercise appellate jurisdiction over a litigant's appeal from
an order dismissing a complaint without prejudice and with leave to amend on the basis
that the litigant failed "to move to amend within the [period of time] granted by the
court."  Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).  By
failing to file an amended complaint within the time allotted by the District Court and
filing a notice of appeal instead, Rodriguez "elected to stand" on his complaint.  See id.;
see also Hoffman v. Nordic Naturals, Inc., 837 F.3d 272, 279 (3d Cir. 2016); Huertas v.
Galaxy Asset Mgmt., 641 F.3d 28, 31 n.3 (3d Cir. 2011) (per curiam).

3

<u>Inc.</u>, 371 F.3d 165, 169-70 (3d Cir. 2004).  No other basis for relief is apparent from

Rodriguez's allegations.[3]

      For these reasons, we will summarily affirm the District Court's judgment.

---

[3]  To the extent that Rodriguez's allegations could be liberally construed as an attempt to invoke 42 U.S.C. § 1981 or § 1985, his vague and conclusory statements fall short of what is required to state a claim.  <u>See</u> <u>Farber v. City of Paterson</u>, 440 F.3d 131, 134 (3d Cir. 2006); <u>Pryor v. Nat'l Collegiate Athletic Ass'n.</u>, 288 F.3d 548, 569 (3d Cir. 2002).